**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| JANE AW DOE, **Plaintiff** | § § § | |
| v. | § § | CASE NO. 1:20-CV-126-LY |
| MICHAEL SUTHERLAND, FUNKY JUNKY, LLC, and BURLESON COUNTY, **Defendants** | § § § § | |

## DEFENDANT BURLESON COUNTY'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT:

Defendant Burleson County, Texas and/or Michael Sutherland, in his official capacity as Burleson County Judge during the timeframe of the alleged facts relevant to this matter, (the "Defendant") files this Motion to Dismiss to Plaintiff's First Amended Complaint and would show the Court as follows:

### I.   SUMMARY

Plaintiff Jane A.W. Doe ("Plaintiff") filed her Original Petition in the 21ST Judicial District Court in Burleson County, Texas on November 26, 2019. *See* Docket Entry No. 1. The lawsuit named as defendants, the Funky Junky and Michael "Mike" Sutherland. *Id*. On January 5, 2020, Defendants Funky Junky and Michael Sutherland filed their Notice of Removal. *See* Docket Entry No. 1. Simultaneous with the removal of this case to this court, Plaintiff filed an amended petition in state court attempting to add Burleson County as a defendant. On February 07, 2020, Plaintiff filed her First Amended Complaint naming as defendants, Mike Sutherland, Funky Junky, LLC and Burleson County. *See* Docket Entry No. 12. The Court dismissed without prejudice Burleson County's Motion to Dismiss (Docket Entry No. 14) and consolidated the identical lawsuits into

this proceeding. *See* Docket Entry Nos. 14 and 15.

## II.  IMPROPER SERVICE -- FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5)

"Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … (5) insufficient service of process; …. A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12. "Rule 12(b)(5) 'permits a challenge to the method of service attempted by the plaintiff,' or lack of delivery of the summons and complaint." *Nagy v. George,* 2007 WL 2122175 *6 (N.D.Tex. July 23, 2007)(*citing* Fed. R. Civ. P. 12(b)(5); *Tinsely v. Comm'r of I.R.S.*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D.Tex. Feb. 9, 1998)). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rues of Civil Procedure." *Id*. (*citing Pavlov c. Parsons*, 574 F.Supp. 393, 399 (S.D.Tex. 1983)(holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4)). There has been no service of summons and complaint in this case to vest this Court with jurisdiction over Defendant Burleson County.

Under Federal Rule of Procedure 4(j)(2), service of citation and summons upon a local government shall be effected by delivering a copy of the summons and of the complaint *to its chief executive officer* or by serving the summons and complaint *in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant*." (Emphasis by italics added).

Section 17.024 of the Texas Civil Practice and Remedies Code provides for "Service on Political Subdivision." Sub-section (a) of that section states: "In a suit against a county, citation *must be served on the county judge*." Interestingly, §17.024(b), which pertains to suits against an

incorporated city, town or village, permits service of process upon the "mayor, clerk, secretary or treasurer." In *City of Mesquite v. Bellingar*, 701 S.W.2d 335, 336 (Tex. App.—Dallas, 1985), construing a predecessor statute with the same statutory provisions (Art. 2027 and 2028, TEX. REV. CIV. STAT. 1970) prior to codification into the Civil Practice and Remedies Code, the requirement for strict compliance with the provision requiring actual delivery of citation to the County Judge was made specifically manifest, i.e. that service on a County required actual service on the County Judge, and not his secretary.

Although Rule 4(e) of the Federal Rules of Civil Procedure provides for service upon *an individual* by leaving a copy of the summons and complaint with "some person of suitable age and discretion" at the "dwelling house or usual place of abode" of the individual to be served, there is no similar provision under Rule 4(j) for serving a County by delivery of the complaint and summons with anyone but the "chief executive officer". Likewise, Texas law, cited above, makes it clear that the citation must be actually "served" on the county judge in order to perfect jurisdiction over the governmental unit. Plaintiff admits that Mike Sutherland resigned as the Constitutional County Judge of Burleson County, Texas. *See* Docket Entry No. 12. To date, Burleson County has not been served with any Petition from the previous state court proceedings and/or Complaint in the various lawsuits related to this matter. Therefore, this case should be dismissed as Burleson County has not been served with summons and the complaint.

### III.     FAILURE TO STATE A CLAIM – FEDERAL RULES OF CIVIL PROCEDURE 12(b)(6)

#### A.     12(b)(6) STANDARD

A pleading must contain "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While this does not require the Plaintiff to present "detailed factual allegations" to support its claims, the pleading may not be a simple recitation of

the elements of a cause of action, but must contain sufficient facts, accepted as true, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007). This standard asks for more than the possibility of the defendant's liability and requires the Plaintiff show the plausibility of entitlement to relief under the law. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557 (plausibility standard requires more than the previous "probability standard").

To survive a motion to dismiss, the complaint must present sufficient facts that would allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678. While the court must take all allegations contained in the complaint as true, mere conclusory statements will not suffice. *Id.* Further, the court is not required to accept as true any legal conclusions couched as factual allegations. *Id.*

B. **CONSTITUTIONAL VIOLATION CLAIM**

Plaintiff alleges that "Burleson County is jointly and severally liable to Doe AW due to the actions of the county policymaker, Sutherland. Sutherland was the county judge for Burleson County and acted under the color of law when he sexually assaulted Doe in November 2017, December 2017, and January 2018." *See* Docket Entry 12, ¶101.

It is undisputed that Plaintiff **was not** an employee of the Office of the Burleson County Judge. Plaintiff states that she "was working as a Criminal Clerk at Burleson County's County Attorney's Office." *See* Docket Entry 12, ¶7. Here, Plaintiff was employed by a separate elected official, the Burleson County Attorney. Plaintiff has failed to plead a cause of action under Title VII demonstrating that she was subjected to sexual harassment and/or a hostile working environment by her employer, the Burleson County Attorney. Further, Plaintiff's vague and general Section 1983 claims should be dismissed because the alleged activity does not amount to

a constitutional violation. Plaintiff has not and cannot establish any facts showing that she was terminated due to her alleged involvement with the Burleson County Judge. Plaintiff has failed to state any cognizable constitutional violation against Burleson County for which relief can be granted, and her claim must be dismissed as a matter of law.

### C. OFFICIAL CAPACITY CLAIMS

Official-capacity claims are another way of pleading an action against a governmental entity of which the individual defendants are agents. *See Kentucky v. Graham,* 473 U.S. 159, 165, 105 S. Ct. 3099 (1985). "As long as the governmental entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *See Id.* at 166. Therefore, any claims against Defendant Sutherland in his official capacity are the same as a complaint against Burleson County and should be dismissed.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants pray that the Court grant their Motion to Dismiss, in relevant part, denying Plaintiff all relief requesting, dismissing Plaintiff's claims in their entirety, and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/J. Eric Magee
J. Eric Magee
SBN: 24007585
e.magee@allison-bass.com
**ALLISON, BASS & MAGEE, L.L.P.**
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 3rd day of March, 2020, I electronically filed the foregoing with the Clerk of Court and will send notification of such filing to the following via electronically and certified mail return receipt requested:

U.A. Lewis
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
MyAttorneyAtLaw@gmail.com

David F. Minton
dminton@mbfc.com
John C. Carsey
jcarsey@mbfc.com
Perry Q. Minton
pminton@mbfc.com
Service email: eservice@mbfc.com
Minton, Bassett, Flores & Carsey, P.C.
1100 Guadalupe Street
Austin, TX 78701

                                              /s/ J. Eric Magee
                                               J. Eric Magee