UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE AW DOE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CASE NO. 1:20-CV-126-LY |
| | § | |
| MIKE SUTHERLAND, FUNKY JUNKY, | § | |
| LLC, and BURLESON COUNTY | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' RULE 12(b)(5) & 12(b)(6) MOTIONS TO DISMISS AND RULE 12(e) MOTION FOR MORE DEFINITIVE STATEMENT

Defendants Mike Sutherland ("Sutherland") and Funky Junky, LLC ("Funky Junky") move this Court to dismiss certain of Plaintiff Jane AW Doe's ("Plaintiff") claims asserted in her First Amended Complaint pursuant to Rules 12(b)(5) and 12(b)(6), and to grant this Motion for a More Definite Statement per the requirements of Rule 12(e) of the Federal Rules of Civil Procedure, and respectfully show the Court as follows:

### I. OVERVIEW OF MOTION

1.   In her First Amended Complaint, Plaintiff asserts claims against Sutherland and Funky Junky for civil rights violations pursuant to 42 U.S.C. § 1983, sexual assault, and intentional infliction of emotional distress.[1] Plaintiff contends that Funky Junky, a private establishment that Defendant maintains an ownership interest in, is vicariously liable for some or all of these claims.

2.   First, Plaintiff's consolidated claims (previously filed in a separate proceeding in

---

[1] On January 24, 2020, Defendants filed a prior Motion to Dismiss Plaintiff's Original Petition (which was filed in state court prior to removal). On February 7, 2020, Plaintiff filed her First Amended Complaint (thereby mooting Defendants' original Motion to Dismiss). The First Amended Complaint attempts to cure some of the pleading deficiencies raised in Defendants' prior Motion to Dismiss.

1

the Southern District of Texas) (the "Consolidated Claims") cannot stand as a matter of law.[2] Plaintiff cannot extend her limitations window by relying on her first-filed Southern District Complaint after failing to timely effect service on any Defendant pursuant to Rule 4(m). Defendants did not know about Plaintiff's duplicative Southern District Complaint until the Court consolidated the two cases in early February, ninety-five days after Plaintiff filed it. Since Plaintiff failed to serve her first-filed Complaint within the requisite 90-day window, and cannot establish good cause for failing to do so, the Consolidated Claims must be dismissed per the federal rules.

3.   Second, separate and apart from the foregoing claims, the Amended Complaint fails to state a claim against Funky Junky because it cannot be vicariously liable for any of the conduct alleged by Plaintiff.  Plaintiff does not allege that Funky Junky exercised any control over Defendant Sutherland who was neither an agent nor an employee of the business.  There is also no allegation that Funky Junky could have, or actually, authorized and/or ratified the intentional acts that Plaintiff alleges as the basis of her sexual assault and harassment claims.  Plaintiff's Amended Complaint  also fails to allege a single fact that connects Funky Junky, as a private entity, to the state or state law;therefore, Funky Junky is an improper party to a federal civil rights claim.

4.   In addition, Plaintiff's claims against all Defendants are also potentially barred by the applicable two-year statutes of limitations. Plaintiff's inconsistent representations, and general pleading that her claims accrued in "November 2017", make it impossible to discern whether her claims are time-barred. Therefore, Defendants further request the Court to compel Plaintiff to provide a more definitive statement on the accrual of her claims.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

---

[2]   By way of background, 22 days before filing in this cause, Plaintiff initiated a separate lawsuit in the Southern District of Texas (Cause No.  4:19-cv-04333) based upon the exact same factual allegations as those underlying her claims in this cause.  Plaintiff failed to serve that lawsuit on Defendants, and those claims (i.e. the Consolidated Claims) were consolidated with this cause on February 7, 2020 prior to any service.

5. Mike Sutherland served as a Constitutional County Judge in Burleson County, Texas, from January 1, 2013, until his resignation on June 15, 2019. Pl.'s Am. Compl. pp. 1-2. Mr. Sutherland and his wife, Debbie, also co-own Funky Junky, LLC, d/b/a Funky Junky, a reclaimed material, antique, and local craft shop, and attached restaurant in Caldwell, Texas. Pl.'s Am. Compl. pp. 3, 16-17.

6. Plaintiff alleges she worked as a Criminal Clerk in the Burleson County Attorney's Office. Pl.'s Am. Compl. p. 2. In January 2018, Plaintiff was terminated from her position due to performance concerns. Pl.'s Am. Compl. pp. 7-8.

7. On November 26, 2019, Plaintiff filed her Original Petition in the 21st Judicial District Court of Burleson County, Texas, in Cause No. 29914, asserting a claim for civil rights violations under 42 U.S.C. § 1983 against Mike Sutherland and Funky Junky, LLC. Plaintiff arguably asserted an additional claim for intentional infliction of emotional distress, but due to the ambiguity of her pleading, it was unclear whether she intended to bring a separate cause of action. Pl.'s Orig. Pet. p. 10.

8. A little over one month after filing her Original Petition, Plaintiff filed a Supplemented Petition in state-court, adding Burleson County as a Defendant. Simultaneously, Defendants removed Plaintiff's suit to this Court.

9. On February 7, 2020, this Court filed an Order consolidating the removed Western District action with Plaintiff's nearly identical Original Complaint filed (unbeknownst to Defendants) on November 4, 2019, in the District Court for the Southern District of Texas, Houston Division. Defendants were not aware of the Southern District Complaint prior to receiving the consolidation order because Plaintiff never served this Complaint on any of the Defendants. In fact, this pleading remained filed, but not served, for over 90 days. Accordingly,

the Southern District Court should have dismissed this pleading when Plaintiff failed to serve it on Defendants by February 2, 2020.

### III.   ARGUMENT AND AUTHORITIES

A. **PLAINTIFF'S CONSOLIDATED CLAIMS SHOULD BE DISMISSED BECAUSE THE COURT LACKS JURISDICTION OVER THE DEFENDANTS.**

*1. Rule 12(b)(5) Legal Standard*

10. District Courts "cannot exercise jurisdiction over a defendant which has not been properly served." *Glencore Ltd. v. Occidental Argentina Expl. and Prod., Inc.*, H--11--3070, 2012 WL 591226, at *2 (S.D. Tex. Feb. 22, 2012). "If a defendant has not been served with process in compliance with Rule 4 [of the Federal Rules of Civil Procedure], the court lacks personal jurisdiction." *Parker v. Missouri City, Tex.*, CIV.A. H-12-2484, 2014 WL 7004061, at *3 (S.D. Tex. Dec. 10, 2014); *see Wheeler v. Ceniza*, No. 3:12--CV--1898--L, 2013 WL 1091242, at *3 (N.D. Tex. Mar. 15, 2013) ("Absent proper service of process, the court cannot exercise personal jurisdiction over a party named as a defendant.") (citation omitted).

11. Federal Rule of Civil Procedure 12(b)(5) authorizes the dismissal of an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5); *Glencore Ltd.*, 2012 WL 591226, at *2. Accordingly, a Rule 12(b)(5) motion is the proper mechanism for challenging "the mode of delivery or the lack of delivery of the summons and complaint." *Wheeler*, 2013 WL 1091242, at *3 (quoting 5B Wright & Miller, Federal Practice and Procedure § 1353)

*2. Plaintiff failed to timely serve her first-filed Southern District Complaint pursuant to Federal Rule of Civil Procedure 4(m).*

12. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order

that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added). When a defendant challenges service of process under Rule 4(m), the serving party bears the burden of proving "good cause for failure to effect timely service." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Here, "good cause" requires "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.*  When "good cause" is not shown, the Rule states that "the action *shall*[3] be dismissed, indicating that in such circumstance dismissal is mandatory." *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1305-06 (5th Cir. 1985). In addition, it is irrelevant under Rule 4(m) that "the defendant not served within the [90]-day period later finds out about the suit or is in fact later served, so long as there was not good cause for the failure to serve within the [90] days." *Id.*

13.     Here, Plaintiff is seeking to obtain the benefit of an extended limitations period for her Consolidated Claims (which are identical to the claims in her First Amended Complaint) despite failing to serve the Southern District Complaint within the mandatory 90-day window.  In particular, Plaintiff failed to ever effect service of the Southern Distirct Complaint on any Defendant, and instead filed a new lawsuit in Burleson County District Court twenty-two days later, which she promptly served on Defendants Sutherland and Funky Junky. Meanwhile, her first-filed Complaint sat on the Southern District Court's docket as a mere placeholder.  Defendants did not discover the existence of the duplicative Southern District Complaint until the Court filed the order of consolidation ninety-five days after Plaintiff filed her Southern District Complaint.

---

[3]     Rule 4(m) was enacted in 1993 as a successor to the former Rule 4(j), which required that a case "shall be dismissed" if the defendant was not served within 120 days and the Plaintiff "cannot show good cause why such service was not made in that period." The 1993 enactment of Rule(m) represented a renumbering of the rule without a change in substance, but the word "shall" was changed to "must." In 2015, Rule 4(m) was amended to shorten the requisite time for service from 120 days to 90 days. The *Winters* case cited herein arose under Rule 4(j), which explains the use of the word "shall" in the quoted standard articulated by the Fifth Circuit.

14. In *Winters v. Teledyne Movible Offshore, Inc.*, the Fifth Circuit dismissed a case under Rule 4(m)[4] on almost identical facts. In that case, the plaintiff filed a suit in federal court and one day later filed and served an identical state court suit. The plaintiff failed to timely serve the first-filed federal lawsuit on the moving defendant, and the defendant moved to dismiss the first-filed lawsuit under Rule 4(m). *Winters*, 776 F.2d at 1305-06. The Fifth Circuit found that good cause did not exist based on these facts and dismissed the case as asserted against the moving defendant despite the plaintiff's complaints that doing so could have the practical effect of dismissal with prejudice since the limitations period had run. *Id.* at 1307 (citing *Redding v. Essex Crane Rental Corp. of Alabama*, 752 F.2d 1077, 1078 (5th Cir. 1985)).

15. Furthermore, in deciding the propriety of a District Court's consolidation pursuant to Rule 42 of the Federal Rules of Civil Procedure, the Fifth Circuit has cautioned that "the district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy." *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir. 1985) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). This "incorrect procedure" noted by the Fifth Circuit is exactly what Plaintiff has done here. She filed duplicative lawsuits, one as a placeholder to ensure that her claims might not be time-barred,[5] and another to secure her preferred forum. The Court's subsequent consolidation, therefore, granted her twenty-two additional days for her claims to potentially fall within the applicable limitations period. Plaintiff's fatal flaw in this procedural gamesmanship was failing to serve the

---

[4] Technically, in *Winters*, the Fifth Circuit dismissed the case under Rule 4(j), but this rule has since been renumbered while remaining substantively identical to its predecessor. The only substantive change to Rule 4(m) is the shortening of the requisite time period for timely service to be effected from 120 days to 90 days.

[5] Plaintiff's claims accrued either in September or November of 2017. Plaintiff has failed to provide a specific date for the accrual of these claims, so it is impossible at this stage to determine whether the statute of limitations bars Plaintiff's claims as asserted in her November 4, 2019 Complaint, her November 26, 2019 Petition, neither, or both.

first-filed Complaint on any Defendant within the requisite time period.

16.     Since the Consolidated Claims retain their independent nature,[6] the Court should dismiss Plaintiff's Southern District Complaint because she failed to effect timely service pursuant to Rule 4(m), and the Court, therefore, lacks jurisdiction over Defendants on these claims. Further, maintaining this Complaint as a consolidated action would expand Plaintiff's procedural rights, which is expressly prohibited under Rule 42 jurisprudence.

**B.   PLAINTIFF FAILED TO SUFFICIENTLY PLEAD ANY COGNIZABLE CLAIM AGAINST FUNKY JUNKY AS A MATTER OF LAW.**

*1.   Rule 12(b)(6) Legal Standard*

17.     Pursuant to Rule 12(b)(6), dismissal of a complaint is appropriate when it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations or legal conclusions do not suffice. *Iqbal*, 556 U.S. at 678. "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 US at 678). Moreover, "courts

---

[6]     *Hall v. Hall*, 138 S. Ct. 1118, 1124, 200 L. Ed. 2d 399 (2018) ("From the outset, we understood consolidation not as completely merging the constituent cases into one, but instead as enabling more efficient case management while preserving the distinct identities of the cases and the rights of the separate parties in them."); *see Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("Consolidation does not so completely merge the two cases as to deprive a party of any substantial rights that he may have had if the actions had proceeded separately, for the two suits retain their separate identities and each requires the entry of a separate judgment."); *Diece-Lisa Indus., Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239, 246–47 (5th Cir. 2019).

are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may be otherwise well-pleaded." *Flynn v. State Farm Fire and Cas. Ins. Co*. (Tex.), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing *Neitzke v. Williams*, 109 S. Ct. 1827, 1832 (1989)).

18. Pursuant to this standard, Plaintiff's First Amended Complaint fails to sufficiently state a viable claim against Funky Junky.[7]

### 2. *Plaintiff cannot maintain an action under 28 USC § 1983 against Funky Junky as a private entity not operating under color of state law.*

19. Plaintiff's attempt to hold Funky Junky liable for her civil rights claim fails as a matter of law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Cornish v. Corr. Services Corp*., 402 F.3d 545, 549 (5th Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)); 42 U.S.C. § 1983. "The requirement of action under color of state law excludes from its reach merely private conduct, no matter how discriminatory or wrongful."

---

[7] Defendants also believe that Plaintiff has failed to state a claim upon which relief can be granted because her claims are barred by the applicable statute of limitations. *See Beckwith v. City of Houston*, 18-20611, 2019 WL 5260361, at *5 (5th Cir. Oct. 16, 2019) (applying a two-year statute of limitations to section 1983 claims); *see also Deaver v. Desai,* 483 S.W.3d 668, 675 (Tex. App.—Houston [14th Dist.] 2015, no pet.) . ("There is a two-year statute of limitations for claims of intentional infliction of emotional distress."). In particular, Plaintiff's August 2, 2019 demand letter contains almost identical language as Plaintiff's Supplemented (state court) Petition in detailing the underlying facts of her allegations. However, this demand letter (the factual allegations of which are not subject to any Rule 408 evidentiary preclusion) identified the date of the alleged assault at Funky Junky as "September 2017." Plaintiff's subsequent court filings changed this date to "November 2017," without a specific day alleged from which Defendants can acertain whether limitations ran before or after Plaintiff filed suit. Plaintiff filed her first Original Complaint on November 4, 2019, but failed to timely effect service of this Complaint as detailed in this motion. Plaintiff's timely served state court petition was filed on November 26, 2019. The date change between Plaintiff's demand letter and her properly-served petition (now on file as Plaintiff's Amended Complaint) affords a Plaintiff a four-day window within the statute of limitations for her claims. Accordingly, Defendants also move this Court to require Plaintiff to provide a more definitive statemenet on the accrual of her claims. Defendants additionally reserve the right to assert these defenses in their answer.

8

*Culpepper v. Bob*o, A-06-CA-830 LY, 2007 WL 9701372, at *10 (W.D. Tex. Oct. 22, 2007).

20.     A private entity may be liable for conduct taken under the color of law as long as the conduct was fairly attributable to the state. *Yeager v. City of McGregor*, 980 F.2d 337, 339 (5th Cir. 1993). The Supreme Court has utilized many different tests to determine whether a private entity's conduct can be fairly attributable to the state. *See Richard v. Hoechst Celanese Chem. Group, Inc*., 355 F.3d 345, 352 (5th Cir. 2003) (summarizing the various tests utilized by the Supreme Court); *see also Cornish*, 402 F.3d at 549-50 (same). The Fifth Circuit recognizes three avenues for determining when private conduct may be fairly attributed to the state: (1) When a private entity performs a function that is traditionally within the exclusive province of the state (public function test); (2) when the state has exercised such coercive power over private conduct that the conduct must be deemed to be that of the state (state compulsion or coercion test); or (3) when the government has insinuated itself into a position of interdependence with the private actor to such an extent that the state is a joint participant in the enterprise (nexus or joint action test)." *Doe v. Steward Health Care Sys. LLC*, 4:18-CV-00394, 2018 WL 4233816, at *4 (S.D. Tex. July 31, 2018), report and recommendation adopted, 4:18-CV-394, 2018 WL 4232921 (S.D. Tex. Sept. 5, 2018) (citations omitted). The one distinct element that all of these tests share is some degree of connection between the state and the defendant entity's conduct that rises to levels that the courts have described as "significant encouragement," "joint participant," and "interdependence." *See Id*; *see also Meade v. Dillard Dept. Stores*, 275 F.3d 43 (5th Cir. 2001) (refusing to impose section 1983 liability on a private entity because Plaintiff failed to establish the required "substantial degree of cooperative action between the private actor and government officials").

21.     Plaintiff's First Amended Complaint fails to allege any connection between the state and Funky Junky that directly relates to her claims, let alone a connection that rises to a

sufficient level to impose section 1983 liability. *See Little v. Perry Homes, LLC*, 4:19-CV-00276, 2019 WL 1557182, at *2 (S.D. Tex. Apr. 10, 2019) (When involvement by the state rises to a level that transforms a private entity into a state actor, this involvement "must be directly related to the action that gives rise to the § 1983 claim").  Plaintiff's only references to Funky Junky are her allegations that (1) Sutherland is a joint owner of the establishment, and (2) that her alleged assault occurred at Funky Junky outside of the restaurant's hours of operation. Plaintiff fails to allege any facts indicating that Funky Junky and Sutherland jointly participated or cooperated in any of the conduct alleged in Plaintiff's First Amended Complaint (or that Funky Junky directly or indirectly should be liable to Plainitff - under color of law or otherwise). Accordingly, Plaintiff failed to adequately plead a section 1983 action against Funky Junky, and the Court should dismiss Plaintiff's civil rights claim as asserted against this private establishment.

### 3. *Plaintiff failed to sufficiently plead her claim that Funky Junky is vicariously liable for any conduct alleged in her First Amended Complaint.*

22.     Plaintiff asserts "Vicarious Liability against Funky Junky" as "Claim 3" in the Claims for Relief section of her First Amended Complaint. Pl.'s First Am. Compl. pp. 15-16. Under this section, Plaintiff simply states that the preceding paragraphs are incorporated therein, that Sutherland is an officer of Funky Junky with his wife, and that Defendant Sutherland's alleged "conduct of sexual assault and harassment was a result of [Funky Junky's] failure to supervise [Sutherland], and made in capacity as a principal." *Id.* at 16. Due to the use of the word "principal," and the fact that Sutherland is not a Funky Junky employee, Defendants can only assume that Plaintiff seeks to invoke the doctrine of vicarious liability through a principal-agent relationship.

23.     To start, Defendant Sutherland is not Funky Junky's agent or employee, so Funky Junky cannot be held liable for the assault and harassment alleged by Plaintiff.  To establish an agency relationship under Texas law, the party alleging vicarious liability must allege and show

that the alleged principal intended for another to act for him, and the supposed agent intended to accept that authority and act upon it. *First State Bank, NA v. Morse*, 227 S.W.3d 820, 830 (Tex. App.--Amarillo 2007, no pet.). "The right of control is 'the supreme test' in establishing an agency relationship. *First Nat. Acceptance Co. v. Bishop*, 187 S.W.3d 710, 714 (Tex. App.—Corpus Christi 2006, no pet.) (citation omitted). Funky Junky did not have have any right to control the alleged actions of its owner, Defendant Sutherland, and Plaintiff has not plead any facts even to suggest that a principal-agent relationship exists between the two parties.

24. Second, while Plaintiff failed to identify which causes of action Funky Junky should be vicariously liable for, Plaintiff has only plead causes of action that are either intentional torts or predicated on intentional conduct. A principal is not liable for an agent's intentional actions that are unforeseeable considering the agent's duties. *Ross v. Marshall*, 426 F.3d 745, 765 (5th Cir. 2005). Further, "[a]n agent has only so much authority as is granted to him by his principal, and a principal is liable for an intentional tort of his agent only if he authorizes or ratifies the tort." *Vinewood Capital, LLC v. Sheppard Mullin Richter & Hampton, LLP*, 735 F. Supp. 2d 503, 514 (N.D. Tex. 2010) (citing Restatement (3d) of Agency §§ 2. 02 (Scope of Actual Authority); 7. 03 (Principal's Liability–In General); 7.04 (Agent Acts with Actual Authority)); *see Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Schrum v. Land*, 12 F.Supp.2d 576, 582 (S.D. Tex. 1997) ("In determining the principal's vicarious liability, the proper question is not whether the principal authorized the specific wrongful act, but whether the agent was acting within the scope of the agency at the time of committing the act."). There are no allegations in Plaintiff's Amended Complaint that the conduct alleged was conducted within the scope of any potential agency, that Funky Junky authorized or ratified such conduct, and Plaintiff even admits that Funky Junky was closed at the time her alleged assault occurred. Pl.'s Am. Compl. p. 4. Accordingly, there was no

one present to arguably ratify or authorize this alleged conduct.

25.     Plaintiff has not plead any facts, let alone enough facts to state a plausible claim, to establish the existence of an agency or employee relationship between Funky Junky and Defendant Sutherland. In addition, Plaintiff failed to plead a plausible basis for Funky Junky to be held vicariously liable for any of the conduct alleged in her First Amended Complaint. Accordingly, Plaintiff's claims for relief, as asserted against Funky Junky, fail to state a claim upon which relief can be granted, and should, therefore, be dismissed.

## IV.   **PRAYER FOR RELIEF**

WHEREFORE, Defendants Mike Sutherland and Funky Junky request that the Court dismiss Plaintiff's claims asserted against Defendant Funky Junky, dismiss the Consolidated Claims for the reasons set forth herein, order Plaintiff to replead her claims with requisite specificity under Rule 12(e), and grant Defendants such further relief to which they may be justly entitled.

Respectfully submitted,

Minton, Bassett, Flores & Carsey, P.C.
1100 Guadalupe Street
Austin, TX 78701
Tel: (512) 476 4873
Fax: (512) 479 8315

By: /s/ David F. Minton
    David F. Minton
    State Bar No. 14192300
    dminton@mbfc.com
    John C. Carsey
    State Bar. No. 03898800
    jcarsey@mbfc.com
    Perry Q. Minton
    State Bar No. 24063296
    pminton@mbfc.com
    Service email: eservice@mbfc.com

## CERTIFICATE OF SERVICE

  I hereby certify that on the 5th day of March, 2020, a copy of the foregoing has been served via PACER service and electronic mail:

U.A. Lewis
The Lewis Law Group
PO. Box 27353
Houston, TX 77227
myattorneyatlaw@gmail.com

J. Eric Magee
ALLISON, BASS & MAGEE, L.L.P.
AO. Watson House
402 W. 12th Street
Austin, Texas 78701
e.magee@allison-bass.com

              */s/ David F. Minton*
              David F. Minton