**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| JANE DOE AW,<br>   *Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:20-CV-126-LY-SH |
| MICHAEL SUTHERLAND, FUNKY JUNKY, LLC, AND BURLESON COUNTY,<br>   *Defendants* | §<br>§<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
    UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Burleson County's Motion to Dismiss, filed on March 3, 2020 (Dkt. 17); Defendants Michael Sutherland and Funky Junky's Motion to Dismiss and Motion for More Definitive Statement, filed on March 5, 2020 (Dkt. 19); Plaintiff's Response, filed on March 24, 2020 (Dkt. 24); Defendants Sutherland and Funky Junky's Reply, filed on April 14, 2020 (Dkt. 35); and Defendant Burleson County's Reply, filed on April 14, 2020 (Dkt. 36).

On April 15, 2020, the District Court referred all motions to the undersigned for resolution and report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

**I. General Background**

Plaintiff Jane Doe AW, a former criminal clerk in the Burleson County Attorney's Office, alleges that former Burleson County Judge Mike Sutherland used his power and authority as a judge to sexually assault her on multiple occasions. Plaintiff alleges that in November 2017, Sutherland, who had been serving as County Judge in Burleson County since January 1, 2013,

1

invited her to a restaurant called "Funky Junky" that Sutherland co-owned with his wife, Debbie Sutherland. Plaintiff alleges that after they went inside the restaurant, which was closed at the time, Sutherland prevented her from leaving and sexually assaulted her. Dkt. 12 ¶¶ 26-33, 39. Plaintiff contends that she did not report the sexual assault to the police or Burleson County's Human Resources office because she was afraid that she would lose her job.

Plaintiff further alleges that Sutherland sexually assaulted her on multiple occasions in his office at the Burleson County Courthouse between November 2017 and January 2018. Plaintiff contends that in mid-January 2018, she demanded that Sutherland stop abusing her. Plaintiff alleges that she was terminated from her job in January 2018, after she complained to Sutherland about his abuse. Sutherland resigned from his position on June 15, 2019.

On November 4, 2019, Plaintiff filed this lawsuit against Sutherland and Funky Junky in the United States District Court for the Southern District of Texas, alleging violations of 42 U.S.C. § 1983, intentional infliction of emotional distress, and sexual harassment. Dkt. 1. On February 4, 2020, the Southern District transferred the case to this Court because Burleson County, where the alleged events took place, is in the Western District. Dkt. 7.

On November 26, 2019, Plaintiff filed a nearly identical lawsuit against Sutherland and Funky Junky in Texas state court, alleging one claim under § 1983. *See Doe v. Sutherland*, No. 29914 (21st Dist. Ct., Burleson County, Tex. Nov. 26, 2019). Plaintiff subsequently filed an amended petition adding Burleson County as a defendant. On January 5, 2020, Defendants removed the case to this Court. *See Doe v. Sutherland,* Dkt. 1 in No. 20-CV-0014-LY (W.D. Tex. Jan. 5, 2020).

On February 7, 2020, the District Court consolidated Plaintiff's two suits into Civil Action No. 20-CV-0126. Dkt. 11. The same day, Plaintiff filed her First Amended Complaint, alleging (1) claims under 42 U.S.C. § 1983 against Sutherland in his individual capacity and Burleson County;

(2) sexual assault against Sutherland; (3) vicarious liability against Funky Junky; and (4) intentional infliction of emotional distress against Sutherland and Funky Junky. Dkt. 12.

Defendants seek dismissal for improper service of process under Federal Rule of Civil Procedure 12(b)(5) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants Sutherland and Funky Junky also ask the Court to order Plaintiff to file a More Definite Statement under Federal Rule of Civil Procedure 12(e).

## II. Legal Standards

### A. Service of Process

Rule 12(b)(5) allows a party to move to dismiss an action for improper service of process where the movant challenges the "mode of delivery or the lack of delivery of the summons and complaint." *Gartin v. Par Pharm. Cos.*, 289 F. App'x 688, 691 n.3 (5th Cir. 2008) (per curiam). A district court cannot exercise personal jurisdiction over a party without proper service of process. *Omni Capital Int'l, Ltd. v. Rudolf Wolf & Co.*, 484 U.S. 97, 104 (1987). A district court has "broad discretion to dismiss an action for ineffective service of process." *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

Federal Rule of Civil Procedure 4(m) permits dismissal of a suit if a plaintiff fails to serve a defendant within 90 days of the filing of the complaint, but provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Proof of good cause "requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

### B. Failure to State a Claim

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the

court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced in the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Analysis

The Court addresses in turn the Motions by Defendant Burleson County and Defendants Sutherland and Funky Junky.

**A. Burleson County's Motion to Dismiss**

As stated, Burleson County seeks dismissal under Rule 12(b)(5) for improper service of process and under Rule 12(b)(6) for failure to state a claim. In response, Plaintiff avers that she "properly served Burleson County on March 10, 2020, well within the 90-day time period allotted to plaintiffs for service of process on a defendant." Dkt. 24 at 19. Burleson County does not dispute that it was properly served seven days after filing its Motion to Dismiss. *See* Dkt. 36. Accordingly,

4

Burleson County has abandoned this argument, and its Motion to Dismiss under Rule 12(b)(5) for lack of service should be denied.

Burleson County argues that dismissal is proper under Rule 12(b)(6) because Plaintiff's allegations do not amount to a violation of her constitutional rights. Dkt. 17 at 4. Burleson County also argues that Plaintiff has failed to establish that the County is liable under § 1983 because, to invoke municipal liability, the action at issue must have involved a policymaker and Sutherland was not a policymaker for the County. Dkt. 36 at 1-3.

### 1. Plaintiff Has Alleged a Violation of a Constitutional Right

Burleson County contends that Plaintiff failed to establish a § 1983 claim because the actions about which she complains do not amount to a constitutional violation. Section 1983 provides a private right of action against parties acting "under color of any statute, ordinance, regulation, custom, or usage, of any State" to redress the deprivation of rights secured by the United States Constitution or federal law. 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights otherwise conferred. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To prevail on a section 1983 claim, the plaintiff must show that the offending conduct (1) was committed by a person acting under color of state law, and (2) deprived the plaintiff of rights secured by the Constitution or federal law. *Doe v. Rains Cty. Indep. Sch. Dist.*, 66 F.3d 1402, 1406 (5th Cir. 1995).

Plaintiff alleges that Sutherland, a government actor, abused his power as a county judge to deprive her of her constitutional rights, in violation of § 1983, by sexually assaulting her on multiple occasions. The Due Process Clause of the Fourteenth Amendment protects individuals' fundamental right to liberty, which includes the right to bodily integrity. *See Washington v. Glucksberg*, 521 U.S. 702, 719-20 (1997) (acknowledging fundamental right to bodily integrity);

*Albright,* 510 U.S. at 272 (noting that substantive due process protects right to bodily integrity). Sexual assault by a state actor amounts to a deprivation of the right to bodily integrity and, thus, a violation of an individual's constitutional rights. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 445 (5th Cir. 1994) (holding that teacher, a state actor, violated student's right to bodily integrity when he sexually assaulted her, violating § 1983); *United States v. Contreras*, 950 F.2d 232, 236 (5th Cir. 1991) (affirming conviction of police officer who "willfully depriv[ed] [an individual] of her constitutional rights, while acting under color of law, by sexually assaulting her, in violation of [18 U.S.C. §] 242"); *Dang Vang v. Xiong*, 944 F.2d 476, 480 (9th Cir. 1991) (affirming jury verdict finding that state actor was liable under § 1983 when he abused state authority by raping multiple women that he encountered through his state employment). Accordingly, Plaintiff's allegations are sufficient to support a plausible constitutional violation.

### 2. Municipal Liability

A municipality may be subject to suit under § 1983 when "it is alleged to have caused a constitutional tort through a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Zarnow v. City of Wichita Falls*, 614 F.3d 161, 166 (5th Cir. 2010) (internal quotation marks omitted). Liability also can attach where a constitutional violation arises from a "governmental custom," even if the municipality has not formally approved the custom. *Id.* To establish municipal liability for a § 1983 claim, a plaintiff must prove three elements: "a policymaker; an official policy [or custom]; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). A municipality is not liable under § 1983 for acts of its employees under the respondeat superior doctrine. *Id.* Any alleged unconstitutional conduct must be "directly attributable to the municipality through some sort of official action or imprimatur; isolated

unconstitutional actions by municipal employees will almost never trigger liability." *Id.* Absent a facially unconstitutional official policy, a Plaintiff can invoke municipal liability by showing the municipality's "deliberate indifference to the 'known or obvious consequences' that constitutional violations would result" from a policy or custom. *See id.* at 579.

Burleson County argues that Plaintiff has failed to provide facts "demonstrating that Michael Sutherland was acting in his official capacity as a county policymaker." Dkt. 36 at 1. Burleson County correctly argues that it cannot be held vicariously liable for any of the alleged actions by Michael Sutherland. *Id.* The County contends that Plaintiff has failed to state a claim for municipal liability under § 1983 because Sutherland, in his capacity as county judge, was not an official policymaker for the County. *Id.* at 1-3. Burleson County argues that the Commissioners Court, not the county judge, is the policymaker for "those areas of county business conferred by the Texas Constitution and the statutory provisions." *Id.* at 2.

In response, Plaintiff argues that Sutherland was an official policymaker for the County. Specifically, Plaintiff alleges:

> Sutherland had harassed other women in the County Attorney's Office, and at times, even engaged in inappropriate if not illicit actions against these women. Sutherland's actions demonstrate his propensity to engage in a highly inappropriate manner with the female employees at Burleson County to the point where it became an official custom in Burleson County that the county judge would behave in such a manner.

Dkt. 24 at 20. Plaintiff further alleges that "the County may be held liable for the actions of Sutherland because he was an official policymaker for the county, he had adopted a custom of sexually harassing the women employees at the County Attorney's office, and he sexually assaulted AW." *Id.* at 21. Plaintiff contends that Sutherland's "policy" of sexual assault and harassment was the moving force behind the violation of her Fourth Amendment rights to be free from unreasonable seizures and sexual assault. *Id.*

7

For § 1983 purposes, a county judge is a policymaker for the county in which he is elected "at least in those areas in which he, alone, is the final authority or ultimate repository of county power." *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988). State law governs whether a government official has authority over a matter. *O'Donnell v. Harris Cty.*, 892 F.3d 147, 155 (5th Cir. 2018). County judges may be policymakers in actions "taken pursuant to their nonjudicial—i.e., their administrative, legislative, and executive—duties." *Cunningham v. City of W. Point*, 380 F. App'x 419, 422 (5th Cir. 2010). "[A] single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity." *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996).

In its Reply, Burleson County admits that a county judge is a policymaker for the "performance of duties assigned to his independent office, the Office of the County Judge." Dkt. 36 at 3. Plaintiff alleges that Sutherland used his power as county judge to sexually assault her, and that he assaulted her in his office at the Burleson County Courthouse. It is plausible that the county judge is a policymaker for administrative policies or customs, including those pertaining to sexual harassment and sexual assault in the workplace, in the Office of the County Judge. Although sexual assault is not related to a legitimate judicial goal, the judge's actions may fall within his administrative judicial function. *See Bennett*, 74 F.3d at 586 (holding that county could be liable under policymaker theory when sheriff abused his power and raped a woman involved in a police investigation). The facts alleged in Plaintiff's complaint, if true, plausibly state a cause of action against the County under § 1983 based on an individual county policymaker's actions. Accordingly, Burleson County's Motion to Dismiss should be denied.

**B. Sutherland and Funky Junky's Motion to Dismiss and for More Definitive Statement**

The Court addresses in turn Defendants Sutherland and Funky Junky's motions to dismiss and for more definite statement.

1. **Improper Service of Process**

Sutherland and Funky Junky argue that because Plaintiff never served them with the summons and complaint for the lawsuit she originally filed on November 4, 2019 in the Southern District of Texas, those claims should be dismissed. As noted, the District Court consolidated Plaintiff's two case. Sutherland and Funky Junky admit that Plaintiff served the state court lawsuit, in which Plaintiff alleges the same claims as in her federal lawsuit, by certified mail on December 13, 2019. *See* Dkt. 19 at 5; *Doe v. Sutherland,* Dkt. 1-2 at 19-22, No. 20-CV-0014-LY (W.D. Tex. Jan. 5, 2020). Because Plaintiff served Defendants before the lawsuits were consolidated, Defendants were properly served, and the Court has personal jurisdiction over them. Accordingly, Defendants' Motion to Dismiss for improper service of process should be denied.

2. **Failure to State a Claim**

In her Amended Complaint, Plaintiff alleges that Funky Junky should be held vicariously liable for Sutherland's actions. Funky Junky argues that Plaintiff's lawsuit fails to state a viable claim because it (1) is not a proper party under § 1983, and (2) cannot be held vicariously liable for Sutherland's alleged sexual misconduct. Plaintiff responds that she has not pled a § 1983 claim against Funky Junky, but rather seeks to hold Funky Junky vicariously liable for Sutherland's sexual assault and intentional infliction of emotional distress. Dkt. 24 at 15. Plaintiff alleges that "Sutherland is an officer of the Funky Junky," and that his "conduct of sexual assault and harassment was a result of the failure to supervise him, and made in [his] capacity as a principal." Dkt. 12 ¶ 112.

Plaintiff attempts to rely on the doctrine of respondeat superior, but that doctrine is inapposite here. "Under the doctrine of respondeat superior, an employer is vicariously liable for the negligence of an agent or employee acting within the scope of his or her agency or employment,

9

although the principal or employer has not personally committed a wrong." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 947 (Tex. 1998). Because Sutherland was an owner and principal of Funky Junky at the time of the alleged assaults, not an employee, he is directly liable for any torts he may have committed and the doctrine of respondeat superior does not apply. *See Simpson v. Home Petroleum Corp.*, 770 F.2d 499, 504 (5th Cir. 1985) (stating that "a master is liable for acts of his agent under the doctrine of respondeat superior only where the relationship of master and servant exists at the time").

Even if Sutherland is considered as an employee or agent of Funky Junky, Funky Junky would not be liable for Sutherland's actions because his actions were not performed in the scope of his employment or agency. Under the doctrine of respondeat superior, "an employer is liable for its employee's tort only when the tortious act falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W.3d 573, 577 (Tex. 2002). Sexual misconduct is not considered an action within the scope of an employee's job or an agent's authority. *See, e.g.*, *Faragher v. City of Boca Raton*, 524 U.S. 775, 796 n.2 (1998) ("It bears noting that many courts in non-Title VII cases have held sexual assaults to fall outside the scope of employment."); *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 744 (1998) ("The general rule is that sexual harassment by a supervisor is not conduct within the scope of employment."). Nor is Funky Junky liable for Sutherland's alleged actions under traditional agency theory because those actions were outside the scope of his agency.

Under Texas law, an employer or principal also may be vicariously liable for the intentional tort of its employee or agent under the theory of ratification. *See Skidmore v. Precision Printing & Pkg., Inc.*, 188 F.3d 606, 614 (5th Cir. 1999). Plaintiff alleges that "Funky Junky is liable for its

10

involvement in the incident that led to the sexual assault of AW at the Funky Junky establishment and caused her emotional harm." Dkt. 24 at 15. The only "involvement" that Plaintiff points to is the fact that "Sutherland is the registered agent/owner of Funky Junky, LLC." Dkt. 24 at 15. For example, Plaintiff argues that Funky Junky should be vicariously liable because

> AW pleaded that Sutherland, the owner and registered agent of Funky Junky, used his power and role as an executive of Funky Junky to open the premises on a day and time that it should have been closed. Sutherland did this so that he could use the premises to commit his first sexual assault of AW.
>
> Sutherland, as owner and principal, unilaterally sanctioned and authorized the use of the Funky Junky establishment as a place to commit sexual assaults, that is extreme and outrageous because as an owner and executive of Funky Junky LLC, he had a duty to protect Doe AW from criminal acts, and instead of protecting Doe AW, Sutherland assaulted her.

*Id.* at 16.

Plaintiff attempts to impose liability on Funky Junky for its owner's alleged intentional torts. In fact, Plaintiff states in her Amended Complaint that "Sutherland, as a part owner of Funky Junky, is primarily liable for his own torts." Dkt. 12 ¶ 117. Plaintiff alleges no facts showing that the entity Funky Junky ratified or directed any of Sutherland's actions, nor any facts supporting her assertion that Funky Junky failed to supervise Sutherland. Instead, Plaintiff appears to argue that Sutherland failed to supervise himself, which makes him personally liable, not Funky Junky. Accordingly, Plaintiff has failed to allege a plausible claim that Funky Junky is vicariously liable for Sutherland's actions, and Funky Junky's Rule 12(b)(6) Motion to Dismiss should be granted.

### 3. More Definite Statement

Finally, Defendants Sutherland and Funky Junky contend that Plaintiff's claims may be barred by a two-year statute of limitations. Defendants ask that Plaintiff file a More Definite Statement identifying the dates of the alleged sexual assaults. A party may move for a more definite statement

when "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e).

Federal Rule of Civil Procedure 8(a)(2) requires a claimant to give "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the Rule 8 pleading standard, a plaintiff must plead sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. "When a party moves under [Rule] 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Dixie Elec., LLC v. Jarwin*, No. MO:17-CV-00066-RAJ, 2017 WL 8751924, at *1 (W.D. Tex. June 26, 2017) (citing *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

Plaintiff alleges that Sutherland sexually assaulted her repeatedly from November 2017 through January 2018. Because Plaintiff filed her lawsuits and served Sutherland in November 2019, her claims against Sutherland are not barred by the alleged two-year statute of limitations. Funky Junky's request is moot because the Court has recommended that the claims against Funky Junky be dismissed for failure to state a claim. Accordingly, Defendants' request for a More Definite Statement should be denied.

### IV. Recommendation

For the reasons detailed above, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant Burleson County's Motion to Dismiss (Dkt. 17).

The undersigned **FURTHER RECOMMENDS** that the District Court **GRANT IN PART AND DENY IN PART** Defendants Michael Sutherland and Funky Junky's Motion to Dismiss and Motion for More Definitive Statement (Dkt. 19). The Court **RECOMMENDS** that the District Court **GRANT** Funky Junky's Motion to Dismiss for failure to state a claim and **DENY** Defendant Michael Sutherland's Motion to Dismiss and Motion for More Definitive Statement.

## V. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 5, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE