IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE AW,<br>　　　*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | Case No. 1:20-CV-126-LY-SH[1] |
| MICHAEL SUTHERLAND, FUNKY JUNKY, LLC, and BURLESON COUNTY,<br>　　　*Defendants* | §<br>§<br>§<br>§<br>§ | |

**O R D E R**

Before the Court is Plaintiff['s] Objection and Motion to Quash Deposition Duce[s] Tecum, filed October 16, 2020. Dkt. 17. Defendants have not filed a response. On April 15, 2020, the District Court referred all motions to the undersigned for resolution and report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

In her Motion, Plaintiff states that Defendants served a Notice of Oral Deposition to depose her and a Subpoena Duces Tecum on October 14, 2020. Plaintiff contends that Defendants "unilaterally noticed the deposition for Duces Tecum" and seeks "an order quashing the duces tecum." Dkt. 17 at 1, 3. The deposition was set for October 16, 2020, via videoconference. Dkt. 18. Pursuant to Local Rule CV-7(e)(2), Defendants' response to Plaintiff's Motion was due October 23, 2020. Because Defendants did not timely respond, the Court may grant the Motion as unopposed. *Id.*

---

[1] Plaintiff's Motion was incorrectly filed in Case No. 1:20-cv-00014-LY. That case was consolidated into 1:20-cv-126-LY-SH on February 7, 2020, and no filings should be made in 1:20-cv-00014-LY.

1

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." As Plaintiff states in her Motion, protective orders may be granted for good cause. Dkt. 17 at 2 (citing *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990)); *see also* FED. R. CIV. P. 26(c)(1). The movant bears the burden of showing that a protective order is necessary. *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017).

Here, Plaintiff makes no argument that good cause for protection exists, and the precise nature of her objection to the deposition notice is unclear. In addition, Plaintiff's Motion lacks the required certification that she "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FED. R. CIV. P. 26(c)(1); *see also* Local Rule CV-7(i).[2]

Because Plaintiff neither conferred with Defendants as required nor established good cause, her Objection and Motion to Quash Deposition Duce[s] Tecum (Dkt. 17) is hereby **DENIED**.

**SIGNED** on October 26, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

---

[2] Local Rule CV-7(i) provides: "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have first conferred in a good-faith attempt to resolve the matter by agreement and, further, certifies the specific reason that no agreement could be made. Movants are encouraged to indicate in the title of the motion whether the motion is opposed. A motion is unopposed only if there has been an actual conference with opposing counsel and there is no opposition to any of the relief requested in the motion."