**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **JANE AW DOE,** § | | |
| **Plaintiff** § | | |
| § | | |
| **v.** § | | **CASE NO. 1:20-cv-00126-LY-SH** |
| § | | |
| **MICHAEL SUTHERLAND AND** § | | |
| **FUNKY JUNKY,** § | | |
| **Defendants** § | | |

## DEFENDANT BURLESON COUNTY'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant Burleson County and/or Michael Sutherland, in his official capacity as Burleson County Judge during the timeframe of the facts relevant to this matter, ("Burleson County") files this Motion for Summary Judgment. Burleson County moves for summary judgment on all claims against it. *See* Fed. R. Civ. P. 56(b). As Plaintiff cannot create a fact issue on the elements of her causes of action, there is no genuine issue of material fact for trial, and Burleson County is entitled to judgment as a matter of law. Burleson County relies on the following:

### I.   STATEMENT OF THE CASE

Plaintiff Jane A.W. Doe filed this lawsuit alleging "violations of 42 U.S.C. section 1983, sexual assault, vicarious liability and intentional inflection of emotional distress." Docket Entry No. 12. Specifically, Plaintiff files suit against Mike Sutherland, in his official capacity as the former Burleson County Judge, and Burleson County, Texas. *Id*. Plaintiff alleges that former Burleson County Judge Mike Sutherland was acting under the color of law at the times of the allegations. *Id*. Additionally, Plaintiff sued the Funky Junky, L.L.C., and Mike Sutherland. Plaintiff's claims for relief include: (1) alleged violations of 42 U.S.C. §1983 against Mike

Sutherland, acting in his capacity as the Burleson County Judge, and Burleson County, Texas, *Monell* claims; (2) alleged sexual assault against Mike Sutherland; (3) vicarious liability claims against the Funky Junky; and (4) an intentional infliction of emotional distress claim against the Funky Junky. *Id*. at ¶¶ 97-105; 106-109; 110-112; and 113, respectively.

## II.   UNDISPUTED FACTS

1. Plaintiff worked for the Office of the Burleson County Attorney. Exhibit 2.

2. Plaintiff was terminated from her employment in the Office of the Burleson County Attorney by Burleson County Attorney Susan Deski. Exhibit 2.

3. Burleson County had a policy prohibiting any form of harassment including verbal or physical conduct. Exhibit 3, Exhibit A.

4. Plaintiff made no complaints or reports of sexual harassment/sexual assault to her employer, the Burleson County Attorney, the Burleson County Treasurer/Human Resources Director or the Burleson County Commissioners Court. Exhibits 1 through 3.

5. Plaintiff acknowledged that she was provided the opportunity to read and review the Burleson County Policy Manual. The Burleson County Policy Manual outlined Plaintiff's privileges and obligation as an employee of Burleson County. Plaintiff accepted "responsibility for reading and familiarizing [herself] with the information in the policy manual and [understood] that it contains general personnel policies of the county." If Plaintiff needed clarification of any of the information, Plaintiff was instructed to contact her supervisor, the County Treasurer, the County Auditor, or the County Judge. Exhibit 3, Exhibit B.

## III.   ISSUE FOR CONSIDERATION

**Issue:** Whether Plaintiff established a violation of 42 U.S.C. section 1983 and that Burleson County had a policy, practice or custom of sexual misconduct, harassment and assault.

## IV.    ARGUMENT

### A. Summary Judgement Standard

Pursuant to Fed. R. Civ. P. 56(c), summary judgment should be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Speaks v. Trikora Lloyd P.T.*, 838 F.2d 1436, 1438-39 (5th Cir. 1988). Fed. R. Civ. P. 56(e) provides, in part:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party. Fed. R. Civ. P. 56(e)(2).

Summary judgment is precluded under Fed. R. Civ. P. 56(c) when the dispute is genuine and the disputed facts might affect the outcome of the suit. *Id.*; *Speaks*, 838 F.2d at 1438-39. To satisfy this burden, the movant must either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A summary judgment movant who will not bear the burden of proof at trial may meet its initial burden of establishing that there is no genuine issue of material fact merely by pointing out the absence of evidence supporting the nonmoving party's case. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996); *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-719 (5th Cir. 1995).

Once the moving party has carried that burden, the burden shifts to the nonmoving party to show that summary judgment is not appropriate. *See Exxon Corp. v. Baton Rouge Oil & Chem. Workers Union*, 77 F.3d 850, 853 (5th Cir. 1996); *Stults*, 76 F.3d at 656. The party opposing

summary judgment cannot establish a genuine issue of material fact by resting on the allegations made in his pleadings without setting forth specific facts establishing a genuine issue worthy of trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied* 506 U.S. 825 (1992). "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." *Id*.

### B. Burleson County – *Monell* claims

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690, n. 55 (1978). "While an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). In order to establish liability against a governmental entity, it is not enough to demonstrate that "an official, acting under color of state law, caused the deprivation of a federal right." *Id*. "More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a 'moving force'" behind the deprivation, *Polk County v. Dodson,* 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981) (quoting *Monell, supra,* 436 U.S., at 694, 98 S.Ct., at 2037); thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law. *Monell, supra; Oklahoma City v. Tuttle,* 471 U.S. 808, 817–818, 105 S.Ct. 2427, 2433, 85 L.Ed.2d 791 (1985); *id.,* at 827–828, 105 S.Ct., at 2437, 2438 (BRENNAN, J., concurring in judgment)." *Id*.

Plaintiff states that "the Fourteenth Amendment guarantees a person the personal bodily integrity and the right to be free of unauthorized and unlawful physical abuse by state intrusion."

Docket Entry 12 ¶99. Specifically, Plaintiff alleges that "Sutherland was the county judge of Burleson County when he engaged in the coercive sexual assault and illegal seizure of Doe AW without proper reason, consent, or authority with deliberate indifference to Doe AW's rights on multiple occasions, which occurred in November 2017, December 2017, and January 2018. As shown above, any claims asserted against Mike Sutherland as the County Judge of Burleson County in his official capacity are the same as claims against Burleson County.

> Plaintiff alleges the following with respect to Burleson County:
>
> Burleson County is jointly and severally liable to Doe AW due to the actions of the county policymaker, Sutherland. Sutherland was the county judge for Burleson County and acted under the color of law when he sexually assaulted Doe in November 2017, December 2017, and January 2018.
>
> Sutherland is the policymaker for the county.
>
> He had a practice of sexual misconduct, harassment, and assault.
>
> As policymaker, his practice of assaulting, harassing, and intimidating individuals was the moving force behind the constitutional violation resulting in Jane Doe AW's harm.
>
> Sutherland had a history of intimidation, and harassment, as documented in public complaints.

*Id.* at ¶¶101-105.

Even if there was a constitutional violation, Burleson County would not be liable under 42 U.S.C. §1983, so long as the County did not have a policy that caused the violation or could be shown to have engaged in a practice that caused the violation. *Monell*, 436 U.S. at 690-94. Liability is established under §1983 "only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 38, 385, (1998). The governmental policy and the alleged constitutional deprivation must be greater than "but-for" causation; indeed, the municipal policy must

be "affirmatively linked to the constitutional violation and be the moving force behind it." *Fraire v. City of Arlington*, 957 F.2d 1268, 1281 (5th Cir. 1992).

> When the policy itself is not unconstitutional, considerably more proof than a single incident will be necessary as to both the fault of the [County] and the link between the policy and the constitutional deprivation. *City of Oklahoma City v. Tuttle*, 471 U.S. 808. 824. 85 L. Ed. 2d 791, 105 S. Ct. 2427 (1985). Plaintiff must allege specific facts to show: 1) policy or custom existed; 2) the government policy makers actually or constructively knew of its existence; 3) a constitutional violation occurred; and 4) the custom or policy served as the moving force behind the violation. *Meadowbriar Home for Children, Inc., v. Gunn*, 81 F.3d 521, 532-33 (5th Cir. 1996).

*Flatt v. City of Lancaster*, CIV.A.3:98-CV-2945-M, 2000 WL 1225787, *4 (N.D. Tex. Aug. 28, 2000) *aff'd*, 273 F.3d 392 (5th Cir. 2001).

Plaintiff falsely alleges that Mike Sutherland, as the Burleson County Judge, is **"the policymaker for the county."** At best, Sutherland is the policymaker for the independent Office of the Burleson County Judge. However, Plaintiff cannot establish a nexus between Sutherland and herself. There is no employer-employee relationship between them. Further, there are no facts establishing that Sutherland, in his official capacity and on behalf of Burleson County, was acting with any authority over Jane A.W. Doe. Finally, there is no evidence supporting any arguments that Jane A.W. Doe was performing any work-related function at the time of her allegations. Therefore, Plaintiff cannot establish that there has been any official action, "state action," on behalf of Burleson County and/or the Burleson County Attorney's Office, her employer.

The policymakers for Burleson County consist of the Burleson County Commissioners Court. Exhibit 1. The Burleson County Commissioners Court "oversees general county business as provided by the Texas Constitution and various statutes." *Id*. By his own decision, "the County Judge does not typically vote on items before the Commissioners Court. Historically, the County Judge only votes in the event of a tie decision." Exhibit 1. The Burleson County

Commissioners Court adopted a policy manual which, in part, "prohibits any form of harassment." Exhibit 1 and Exhibit 3 (Exhibit A). Pursuant to the County policy, harassment includes unlawful, unwelcome words, acts or displays where:

- a) Submission to such conduct is either an expressed or implied condition of an individual's employment;
- b) Submission to or rejection of such conduct by an individual is used as a basis for an employment decision affecting the harassed person: or
- c) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment.

Exhibit 3 (Exhibit A). Further, the policy makes it clear that all claims "shall be taken seriously and investigate[d] promptly." *Id.* "An employee who feels he/she has been or is being subjected to harassment should immediately report the situation to: (a) his/her immediate supervisor; (b) [t]he elected/appointed official or department head who is responsible for the department in which they work." *Id*. "If, for any reason, the employee feels that reporting the harassment to the department head or elected/appointed official may not be the best course of action, the report should be made to the County Judge or the County Attorney." *Id.*

Here, Plaintiff was an employee of the Burleson County Attorney's Office. Exhibit 2. Plaintiff alleged in her First Amended Complaint that Sutherland: (1) "used his position and influence to sexually and mentally abuse" her; and "made inappropriate comments and had become 'touchy-feely' to female employees." *Id.* and Docket Entry No. 12 ¶¶5 and 16. Plaintiff further alleges that "everyone was forced to ignore his sexual harassment." *Id*. at ¶17.

Burleson County Attorney Susan Deski states that she "received neither a complaint or report from any county employee, including Ms. Doe and other employees of the County Attorney's Office, concerning inappropriate behavior by Sutherland." Exhibit 2. Further, Ms. Deski has "never instructed any county employee and/or any employee of the County Attorney's

Office to ignore sexual harassment or sexual abuse." *Id*. As the Burleson County Judge, Mike Sutherland had no independent or separate statutory authority to set policy for the Office of the Burleson County Attorney. *Id.* Ms. Deski has the "sole authority over the day-to-day operations of the Office of the Burleson County Attorney including hiring and firing decisions related to personnel." *Id.*

As Burleson County Commissioner, Precinct 2, and a member of the Commissioners Court during 2017 and 2018, current Burleson County Judge Keith Schroeder states that he never received "any complaints or reports of inappropriate behavior by Sutherland." Exhibit 1. Finally, "there has never been a policy allowing for the behavior described by Jane A.W. Doe." *Id.* Additionally, Burleson County Treasurer/Burleson County Human Resources Director Stephanie Smith "has never received any complaints against former Burleson County Judge Mike Sutherland from Jane A.W. Doe or any other Burleson County employee." Exhibit 3.

Judge Schroeder, Ms. Deski and Ms. Smith all state that they are not familiar with Plaintiff's claims of the existence of Jane Doe 1, an employee of the "county tax office," being terminated related to allegations concerning former County Judge Sutherland. Exhibits 1 – 3.

Finally, Plaintiff asserts factual allegations concerning her termination after she claimed "putting an end to the assault." Docket Entry No. 12 ¶¶60-61. Burleson County Attorney Susan Deski states that she did not consult with former County Judge Sutherland concerning the decision to terminate Plaintiff nor did Sutherland ever discuss Ms. Doe's employment with her. Exhibit 2; *see* generally, Exhibit 3. The decision to terminate Ms. Doe was based on prior job performance issues including "(1) failing to show up or call-in for time off from work on more than one occasion; (2) not keeping up with the reporting requirements of participants and not sending letters to them when behind on their tasks as the Pretrial Diversion Officer; (3) excessive personal

telephone usage; (4) using the office copier for personal use; (5) failing to give me telephone messages; and (6) inappropriate conversations seeking legal advice." Exhibit 3. After multiple conversations with Plaintiff concerning these issues, Ms. Deski was notified by District Judge Corbett that Plaintiff was "sending private messages to the Judge concerning personal, non-work related legal questions" and "associating through social media with individuals with current felonies pending before [Judge Corbett's] and Child Protective Services parents with cases before her Court." *Id.* Plaintiff failed to understand the severity of issues and Ms. Deski made the decision to terminate her employment. *Id.*

Plaintiff acknowledged receipt of the Burleson County Policy Manual. Exhibit 3 (Exhibit B). As demonstrated above, Plaintiff never reported or complained to Burleson County concerning any allegations related to former County Judge Mike Sutherland. For these reasons, Plaintiff cannot establish the existence of any policy or custom by Burleson County that violated any constitutional right or that the Burleson County Commissioners Court, policy makers for the County, had actual or constructive knowledge of the existence of any unconstitutional policy. Finally, there are no allegations that the actual policy maker for Plaintiff's employment, the Burleson County Attorney, had any policy violating her constitutional rights.

Therefore, all claims asserted against Burleson County should be dismissed in their entirety.

## V. PRAYER

Burleson County requests that the Court grant this Motion for Summary Judgment dismissing Plaintiff's claims in their entirety and for such other relief as the court deems just and proper.

Respectfully submitted,

/s/ J. Eric Magee
J. Eric Magee

SBN: 24007585
e.magee@allison-bass.com

ALLISON, BASS & MAGEE, L.L.P.
A.O. Watson House
402 W. 12th Street
Austin, Texas 78701
(512) 482-0701 telephone
(512) 480-0902 facsimile

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 6th day of November 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

U.A. Lewis
The Lewis Law Group
P.O. Box 27353
Houston, TX 77227
MyAttorneyAtLaw@gmail.com

David F. Minton
dminton@mbfc.com
John C. Carsey
jcarsey@mbfc.com
Perry Q. Minton
pminton@mbfc.com
Service email: eservice@mbfc.com
Minton, Bassett, Flores & Carsey, P.C.
1100 Guadalupe Street
Austin, TX 78701

                                                                         /s/ J. Eric Magee
                                                                         J. Eric Magee