# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE DOE AW,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-126-LY-SH** |
| | § | |
| **BURLESON COUNTY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE LEE YEAKEL**
     **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant Burleson County's Motion for Summary Judgment, filed November 6, 2020 (Dkt. 47), and the associated response and reply briefs. On April 15, 2020, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 39.

## I.     Background

Plaintiff Jane Doe AW, a former criminal clerk in the Burleson County Attorney's Office, alleges that former Burleson County Judge Mike Sutherland used his power and authority as a judge to sexually assault her on multiple occasions. Plaintiff's Declaration, Dkt. 49-1. Doe contends that she did not report the sexual assaults to the police or Burleson County officials because she was afraid no action would be taken against Sutherland and that she would lose her job. *Id.* at 3. Doe alleges that she was terminated from her job soon after she complained to Sutherland about his abuse. *Id.* at 6. Sutherland subsequently resigned from his position as County Judge. Defendant's Answer, Dkt. 45 ¶ 56.

In her First Amended Complaint, Doe alleged (1) claims under 42 U.S.C. § 1983 against Sutherland in his individual capacity and Burleson County; (2) sexual assault against Sutherland; (3) vicarious liability against Funky Junky, a restaurant owned by Sutherland; and (4) intentional infliction of emotional distress against Sutherland and Funky Junky. Dkt. 12. Defendants moved to dismiss. Dkts. 17, 19. The District Court denied the motion as to Defendants Sutherland and Burleson County, but dismissed with prejudice all of Doe's claims against Funky Junky for failure to state a claim under Fed. R. C. P. 12(b)(6). Dkt. 42. Doe subsequently settled with Defendant Sutherland, and the District Court dismissed those claims with prejudice. Dkts. 52, 53.

Defendant Burleson County now moves for summary judgment on Doe's remaining claims, asserting that she has no evidence of any policy or custom established by the County that violated her constitutional rights. Dkt. 47.

## II.    Summary Judgment Record and Objections

Defendant Burleson County submitted affidavits from the following Burleson County officials:

1.  County Judge Keith Schroeder (Exh. 1), Dkt. 47-1 at 2-18;
2.  Criminal County/District Attorney Susan Deski (Exh. 2), Dkt. 47-1 at 6-9; and
3.  Treasurer Stephanie Smith (Exh. 3), Dkt. 47-1 at 11-18.

Plaintiff Doe submitted the following as summary judgment evidence:

1.  Plaintiff's Declaration (Exh. A), Dkt. 49-1;
2.  Sworn Statement of Carroll J. Brincefield (Exh. B), Dkt. 49-2;
3.  Video depositions of Burleson County Rule 30(b)(6) witnesses Susan Deski, Stephanie Smith, and Keith Schroeder, and the video deposition of Mike Sutherland (Exhs. C-F), Dkt. 50; and
4.  Voluntary Agreement to Resign from Judicial Office in lieu of Disciplinary Action, *In re Honorable Mike Sutherland*, Texas Commission on Judicial Conduct, June 6, 2019 (Exh. G), Dkt. 49-3.

Both parties object to certain summary judgment evidence. Doe objects to the three affidavits submitted by Burleson County to the extent that they contain hearsay. Dkt. 49 at 3. Doe further

objects to exhibits attached to the Smith affidavit under the rule of completeness, citing Fed. R. Evid. 106. *Id*. At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017); FED. R. CIV. P. 56(c). Rather, summary judgment evidence must be capable of being presented in a form that would be admissible at trial. FED. R. CIV. P. 56(c)(2); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 354-55 (5th Cir. 2017). Doe's arguments regarding admissibility and form do not establish that any of the challenged exhibits should be stricken from consideration. *See Lee*, 859 F.3d at 354. Accordingly, Doe's objections to Burleson County's summary judgment evidence are denied.

Burleson County objects and moves to strike Doe's Exhibit B, the Statement of Carroll J. Brincefield, on the grounds that Doe failed to disclose Brincefield as a witness and that the statement contains hearsay. Dkt. 51 at 1-2. Burleson County also objects to Doe's Exhibit G for failure to disclose the document in discovery. Dkt. 51 at 2-3. Because the Court has not relied on Doe's Exhibits B or G in this Report and Recommendation, the Court need not address Burleson County's objections to this evidence, which are dismissed as moot.

### III.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving

3

party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

## IV.    Analysis

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Local governing bodies, including municipalities, qualify as "persons" under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Municipal liability under § 1983 requires proof of

4

three elements: (1) a policymaker; (2) an official policy; and (3) a nexus showing that the policy or custom was the "moving force" behind the violation of the constitutional right. *Piotrowski v. City of Houston,* 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell,* 436 U.S. at 694).

Doe alleges that Sutherland, as a policymaker, established a custom of harassing female employees that culminated in the violation of her constitutional right to bodily integrity, which renders Burleson County liable for Sutherland's actions under § 1983. Dkt. 12 ¶¶ 101-05. Burleson County argues that, even if Doe suffered a constitutional deprivation, the County is not liable because Doe cannot show any County policy or practice that caused the violation. Dkt. 47 at 5. Specifically, Burleson County asserts that (1) Sutherland was not a policymaker for the County; (2) official county policy specifically prohibits any form of harassment and provides instructions for reporting harassing behavior to superiors; and (3) there is no evidence of a nexus between any county policy or practice and the violation of Doe's constitutional rights. *Id.* at 6-9.

### A.  Sutherland as Policymaker

In support of its argument that Sutherland was not a policymaker for the county, Burleson County argues that, "[b]y his own decision, the County Judge does not typically vote on items before the Commissioners Court" unless there is a tie decision. Dkt. 47 at 6; Dkt. 47-1 at 3. Doe contends that Sutherland was a policymaker for the County because he presided over the Burleson County Commissioners Court. Dkt. 49 at 11; Dkt. 47-1 at 3. Doe further argues that Sutherland was responsible for the performance of duties assigned to his office, which is "the most powerful seat in Burleson County." Dkt. 49 at 8.

The Supreme Court has stated that "whether an official had final policymaking authority is a question of state law." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986). The Texas Constitution provides that county judges are "county officers" who preside over the county commissioners court, which is the county's governing body with general control over all the

county's business. TEX. CONST. art. 5 §§ 18, 24; *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). The Texas Constitution and statutes give the county judge numerous executive, administrative, and legislative responsibilities, with "virtually absolute sway over the particular tasks or areas of responsibility entrusted to him by state statute" and accountability to "no one other than the voters for his conduct therein." *Bigford v. Taylor*, 834 F.2d 1213, 1222 (5th Cir. 1988). County judges may be policymakers in actions "taken pursuant to their nonjudicial—i.e., their administrative, legislative, and executive—duties." *Cunningham v. City of W. Point*, 380 F. App'x 419, 422 (5th Cir. 2010). In areas where he or she is the final authority or ultimate repository of county power, the county judge is a policymaker whose official conduct and decisions can be attributed to the county under § 1983. *Bigford*, 834 F.2d at 1222.

The record is sufficient to show that Sutherland was a policymaker for Burleson County. First, it is undisputed that Sutherland was the county judge and presiding member of the Burleson County Commissioners Court. Dkt. 47-1 at 3; TEX. CONST. art. 5, § 18(b). Second, Burleson County's official harassment policy entrusts the county judge with nonjudicial duties relating to county employees. The policy states that any employee who has experienced harassment should immediately report the situation to his or her immediate supervisor or department head. However, "[i]f, for any reason, the employee feels that reporting the harassment to the department head or elected/appointed official may not be the best course of action, the report should be made to the County Judge or County Attorney." Dkt. 47-1 at 16. The summary judgment evidence supports a finding that Sutherland's status as the county judge and his assigned duties in the administration of Burleson County's official harassment policy render him a policymaker for Burleson County.

## B.  Burleson County's Official Policy

Next, Burleson County asserts that its official policy prohibiting harassment of employees prevents Doe from establishing the existence of any county policy or custom that caused the

violation of her constitutional rights. Dkt. 47 at 5, 9. Burleson County offers evidence that Doe signed a document acknowledging receipt of the policy manual. Dkt. 47-1 at 18.

An official policy can arise in various forms, including written policy statements, ordinances, or regulations, but also may arise in the form of a widespread practice that is "so common and well-settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). A policy or custom is official when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989). The existence of a well-established, officially adopted policy will not insulate the municipality from liability when a final policymaker makes the relevant decision and that decision is within the sphere of his final authority. *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). A single decision may create municipal liability if it is made by a final policymaker responsible for that activity. *Id.*

Doe states in her declaration that Sutherland used the powers of his position to sexually assault her on multiple occasions, including while on duty in his office. Dkt. 49-1 at 3. Doe also states that he harassed other female employees while serving as county judge. *Id.* Doe argues that Sutherland's pattern of harassment of her and other female employees in Burleson County offices created an official custom in Burleson County. Dkt. 49 at 19. Burleson County contends that Doe's failure to report Sutherland's alleged harassment to anyone at the county, as required by its official policy, means it could not have known that any constitutional violations were taking place. Dkt. 47 at 9; Dkt. 47-1 at 18.

The Court finds that there is a factual dispute as to whether Sutherland, as policymaker for Burleson County, created an official custom or policy sanctioned by the county by sexually

harassing female employees. If Sutherland used his authority as county judge to sexually assault Doe, the fact that rape is not a legitimate administrative goal of the county does not prevent Sutherland's actions from falling within his administrative function. *See Bennett*, 74 F.3d at 586. Accordingly, in light of the record evidence concerning Sutherland's actions, the Court recommends against granting summary judgment to Burleson County based on its official, written policy prohibiting harassment.

### C. Causation

Finally, Burleson County asserts that Doe "cannot establish a nexus between Sutherland and herself" because there is no evidence that Sutherland was acting with any authority over Doe or that she was performing any work-related function at that the time of the alleged assaults. Dkt. 47 at 6. In her declaration, Doe avers that Sutherland assaulted her in his office at the Burleson County Courthouse on multiple occasions and summoned her to his office under the guise of work-related activities, such as document notarization, before assaulting her. Dkt. 49-1 at 3. Doe argues that Sutherland created an official custom of harassing female employees and abused his power as the policymaker to deprive Doe of her constitutional right to bodily integrity. Dkt. 49 at 18.

To establish municipal liability under Section 1983, a plaintiff must show direct causation that a custom or policy was the moving force behind the constitutional violation. *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009). This means that "there must be a direct causal link" between the policy and the violation, not merely a "but for" coupling between cause and effect. *Id.*

Burleson County's reliance on the employment relationship between Sutherland and Doe, including whether Sutherland had supervisory authority over Doe, is misplaced. Rather, to determine causation, the Court must examine whether Burleson County policy was the "moving force" behind Doe's constitutional violation. *Peterson*, 588 F.3d at 848.

Doe submitted evidence that Sutherland acted inappropriately toward her and other women in Burleson County offices while county judge, and that she did not report the assaults to the county because she believed no action would be taken against him. Dkt. 49-1 at 1, 3. This evidence creates a genuine issue of material fact as to whether Burleson County had a policy or custom of tolerating Sutherland's harassment that was the "moving force" behind Sutherland's alleged violation of Doe's constitutional rights. *See Sanchez v. Gomez*, EP-17-CV-133-PRM, 2020 WL 1036046, at *32 (W.D. Tex. Mar. 3, 2020) (stating that reasonable jury could find direct causation where custom of condoning excessive force "emboldened" police officers to commit constitutional violations); *Est. of Schroder v. Gillespie Cnty.*, 23 F. Supp. 3d 775, 791 (W.D. Tex. 2014) (denying summary judgment due to genuine issues of material fact whether prevailing policies were "moving force" behind constitutional violation).

## V.    Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Defendant Burleson County's Motion for Summary Judgment (Dkt. 47).

## VI.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on February 12, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE