## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE DOE AW,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-126-SH** |
| | § | |
| **BURLESON COUNTY,** | § | |
| *Defendant* | § | |

### <u>ORDER</u>

Now before the Court is Defendant Burleson County's Opposed Motion for Leave to File Motion for Reconsideration of Court's Order Denying Burleson County's Motion for Summary Judgment and Motion to Dismiss Burleson County Pursuant to the Dismissal of Sutherland in his Official Capacity, filed March 22, 2021 (Dkt. 59), and the associated response and reply briefs.[1]

Pursuant to Local Rule CV-7(f)(1) of the United States District Court for the Western District of Texas, Burleson County seeks leave to file:

1. a motion for reconsideration of the District Court's Order entered on March 3, 2021, accepting and adopting the Magistrate Judge's Report and Recommendation to deny Burleson County's motion for summary judgment; and

2. a motion to dismiss Burleson County, based on the alleged settlement of Plaintiff Jane Doe AW's claims against Burleson County Judge Mike Sutherland in his official capacity.

Burleson County asserts, on information and belief, that a settlement agreement executed by Doe and Sutherland resolved all claims against Sutherland in both his individual and official capacities. Burleson County has been unable to review the settlement agreement due to a confidentiality clause, so it requests leave to file its motion so that the Court may determine whether Doe's claims against Mike Sutherland in his official capacity are covered by the agreement.

---

[1] By consent of the parties, the case was reassigned to the undersigned Magistrate Judge on March 29, 2021. Dkt. 81.

A district court's denial of a motion for summary judgment is an interlocutory order that may "be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." FED. R. CIV. 54(b). Because the terms of the settlement agreement may be dispositive of Burleson County's motion for summary judgment, the Court finds that good cause exists and **GRANTS** Burleson County's motion for leave to file its Motion for Reconsideration.

It is well established that courts may require parties seeking to avoid disclosure of documents to make the documents available for inspection *in camera*. *United States v. Zolin*, 491 U.S. 554, 569 (1989). Review of documents *in camera* is appropriate where there are no other means by which the Court can reach a decision on an issue. *TPI Cloud Hosting, Inc. v. Keller Williams Realty, Inc.*, No. 1:19-cv-0808-JRN, 2020 WL 1150695, at *3 (W.D. Tex. Mar. 9, 2020). The Court must review *in camera* the confidential settlement agreement between Doe and Sutherland to determine the scope of the agreement to rule on Burleson County's Motion for Reconsideration.

Accordingly, the Court hereby **ORDERS** the Clerk's Office to file Defendant Burleson County's Motion for Reconsideration of the Court's Order Denying Burleson County's Motion for Summary Judgment and Motion to Dismiss Burleson County Pursuant to the Dismissal of Sutherland in his Official Capacity (Dkt. 59-2).

The Court **FURTHER ORDERS** that Plaintiff Jane Doe AW has **until April 19, 2021** to file her Response to Burleson County's Motion for Reconsideration and submit under seal a copy of the executed settlement agreement for *in camera* review by the Court. Documents submitted for *in camera* review should be submitted to the Clerk's Office in a sealed envelope with the style of the case on the outside of the envelope and with language indicating that the documents are submitted under seal for the Court's review *in camera* and are to be opened by the Court only.

The Court **FURTHER ORDERS** that Defendant Burleson County must file its Reply in support of its Motion for Reconsideration, if any, within **seven (7) days** after the Response is filed.

**SIGNED** on April 1, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE