UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JANE DOE AW,<br>*Plaintiff* | §<br>§<br>§ |
| v. | §     Case No. 1:20-CV-126-SH |
| BURLESON COUNTY,<br>*Defendant* | §<br>§<br>§ |

**ORDER**

Before the Court are Defendant's Motion for Reconsideration of Court's Order Denying Burleson County's Motion for Summary Judgment and Motion to Dismiss Burleson County Pursuant to the Dismissal of Sutherland, in His Official Capacity, filed April 1, 2021 (Dkt. 83); Plaintiff's Response to Burleson County's Motion for Reconsideration and Motion to Dismiss, and Leave to File Response under Seal, filed April 23, 2021 (Dkt. 86); Defendant Burleson County's Reply to Plaintiff's Response to the Motion for Reconsideration and Motion to Dismiss, filed April 30, 2021 (Dkt. 91); Plaintiff's Opposed Supplement to Response to Motion to Reconsider Dismissal, filed May 3, 2021 (Dkt. 92); and Defendant Burleson County's Reply to Plaintiff's Opposed Supplement to Response to Motion to Reconsider, filed May 10, 2021 (Dkt. 93).

**I. Background**

Plaintiff Jane Doe AW, a former criminal clerk in the Burleson County Attorney's Office, alleges that former Burleson County Judge Mike Sutherland used his power and authority as a judge to sexually assault her on multiple occasions. Plaintiff's Declaration, Dkt. 49-1. Doe contends that she did not report the assaults to the police or Burleson County officials because she was afraid that no action would be taken against Sutherland and she would lose her job. *Id.* at 3. Doe alleges that she was terminated from her job soon after she complained to Sutherland about

his abuse. *Id*. at 6. Sutherland subsequently resigned from his position as County Judge. Defendant's Answer, Dkt. 45 ¶ 56.

In her First Amended Complaint, Doe alleged (1) claims under 42 U.S.C. § 1983 against Sutherland in his individual capacity and Burleson County; (2) sexual assault against Sutherland; (3) vicarious liability against Funky Junky, a restaurant owned by Sutherland; and (4) intentional infliction of emotional distress against Sutherland and Funky Junky. Dkt. 12. Defendants moved to dismiss. Dkts. 17, 19. The District Court denied the motion as to Defendants Sutherland and Burleson County, but dismissed with prejudice all of Doe's claims against Funky Junky for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 42.

On November 6, 2020, Defendant Burleson County moved for summary judgment on Doe's Section 1983 claim, asserting that she had no evidence of any policy or custom established by the County that violated her constitutional rights. Dkt. 47. After Burleson County filed its motion, Doe settled with Defendant Sutherland, and the District Court dismissed with prejudice the claims against Sutherland and Funky Junky. Dkt. 53. Doe and Sutherland did not provide a copy of the settlement agreement to Burleson County due to a confidentiality provision. Dkt. 83 at 3.

On February 12, 2021, the Magistrate Court issued a Report and Recommendation to deny summary judgment, finding that there was a factual dispute as to whether Sutherland, as policymaker for Burleson County, created an official custom or policy sanctioned by the county by sexually harassing female employees. Dkt. 55. The District Court adopted the Report and Recommendation and denied summary judgment on March 3, 2021. Dkt. 57. On March 26, 2021, the parties consented to trial before a United States Magistrate Judge. Dkt. 79. Accordingly, this case was reassigned to the undersigned for all proceedings. Dkt. 81.

Burleson County now moves for reconsideration of the Court's order denying summary judgment, arguing that the language of the settlement agreement between Doe and Sutherland resolved Doe's remaining claim against Burleson County.

## II. Legal Standards

### A. Reconsideration

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006). Rule 54(b), however, provides that an order adjudicating fewer than all claims among all parties "may be revised at any time" before entry of a final judgment. Under Rule 54, a district court has the inherent procedural power to reconsider and reverse its decision for any reason it deems sufficient. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). An order denying summary judgment is interlocutory, so the trial court is free to reconsider its decision, even in the absence of new evidence or an intervening change in the law. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 506 (5th Cir. 2012).

### B. Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Once the moving party has met its initial burden to demonstrate the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

In its previous motion, Burleson County contended that it was entitled to summary judgment on Doe's Section 1983 claim because Sutherland was not a policymaker for the County and there was no evidence of a nexus between any county policy or practice and the violation of Doe's constitutional rights. Dkt. 47 at 6-9. The Court found that Sutherland was a policymaker for Burleson County and that there was a factual dispute as to whether his actions created an official custom or policy sanctioned by the County, which precluded a grant of summary judgment. Dkt. 55 at 6-9.

Burleson County now asserts that the Court should grant summary judgment because Doe released her only claim against the County when she settled her official capacity claim against Sutherland. Dkt. 83 at 3-4. Doe argues that her claims against Burleson County have not been released because (1) Sutherland was not acting in his official capacity when serving as official policymaker for Burleson County, and (2) Sutherland was sued only in his individual capacity. Dkt. 86 at 2-4.

**A. Doe Sued Sutherland in His Individual and Official Capacities**

Official capacity suits are a way to plead an action against an entity of which an officer is an agent. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). A plaintiff is not required to plead the capacity in which a person is sued except where required to show jurisdiction. *Robinson v. Hunt Cnty.*, 921 F.3d 440, 446 (5th Cir. 2019). "This principle, however, does not give a plaintiff free rein to change her capacity allegations at any time in the litigation." *Id.* To determine whether a defendant is being sued in his official capacity, the Court should examine the plaintiff's allegations in her complaint and the course of proceedings. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Parker v. Graves*, 479 F.2d 335, 336 (5th Cir. 1973).

In her First Amended Complaint, Doe refers to Sutherland as "the Burleson County Judge" who was "acting under color of law" and as "final policymaker" for Burleson County. Dkt. 12 ¶¶ 1, 2, 4, 11, 76, 89, 97, 99, 101, 102, 104. Doe also has made statements in filings throughout these proceedings confirming that she sued Sutherland in both his individual and official capacities. *See, e.g.*, Response to Defendants' Motion to Dismiss, Dkt. 24 ¶ 41 (stating that no limitations issue exists "as it relates to federal civil rights claims against Burleson County or Sutherland (both in his individual capacity and official capacity)"); Response to Defendant Burleson County's Summary Judgment Motion, Dkt. 49 ¶ 59 ("Michael Sutherland . . . was acting in his official capacity as a county policymaker, when he sexually assaulted Jane Doe in his county office."); *id.* ¶ 63 ("Sutherland was an official policymaker for the county, [who] had adopted a custom of sexually harassing the women employees at the County Attorney's office, and he sexually assaulted Jane Doe.").

The complaint and the course of the proceedings thus show that Doe sued Sutherland in both his individual and official capacities. Because Doe's only claim against Burleson County is a *Monell* claim arising from Sutherland's status as policymaker for the County, they also show that Doe's claim against Burleson County is her official capacity claim against Sutherland. Dkt. 12 ¶¶ 101-105.

### B. The Settlement Agreement

The confidential settlement agreement between Doe and Sutherland releases all claims against "Mike Sutherland in his individual capacity and in all his capacities as Burleson County Judge." Dkt. 85 ¶ 1.1.2. This language necessarily includes Doe's official capacity claim.

When Doe released her official capacity claim against Sutherland, she also released her claim against Burleson County because the claims are one and the same. *See Castro Romero v. Becken*,

256 F.3d 349, 355 (5th Cir. 2001) (stating that official capacity claims "duplicate claims against the respective governmental entities themselves"); *Guillory v. Beaumont Indep. Sch. Dist.*, No. 9:07-CV-163-TH, 2011 WL 1898939, at *2 (E.D. Tex. May 12, 2011) (finding that school district's settlement agreement resolved official capacity claim against teacher because claim is treated as against the governmental entity itself).

Having determined that Doe released and the District Court dismissed her only claim against Burleson County, there is no issue of fact left to be decided. Accordingly, the Court must enter summary judgment against Doe.

## IV. Order

Defendant's Motion for Reconsideration of Court's Order Denying Burleson County's Motion for Summary Judgment and Motion to Dismiss Burleson County Pursuant to the Dismissal of Sutherland, in His Official Capacity (Dkt. 83) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Burleson County's Motion for Summary Judgment (Dkt. 47) is **GRANTED** and Plaintiff's First Amended Complaint (Dkt. 12) is **DISMISSED WITH PREJUDICE**. The Court will enter final judgment in a separate order.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine (Dkt. 64) and Plaintiff Jane A.W. Doe's Motion in Limine (Dkt. 71) are **DISMISSED AS MOOT**.

**SIGNED** on August 24, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE