## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE DOE AW,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-126-SH** |
| | § | |
| **BURLESON COUNTY,** | § | |
| *Defendant* | § | |

### ORDER

This order supersedes the Court's Order and Final Judgment entered August 24, 2021, which were set aside on August 25, 2021. Dkt. 94; Dkt. 96.

Before the Court are Defendant's Motion for Reconsideration of Court's Order Denying Burleson County's Motion for Summary Judgment and Motion to Dismiss Burleson County Pursuant to the Dismissal of Sutherland, in His Official Capacity, filed April 1, 2021 (Dkt. 83); Plaintiff's Response to Burleson County's Motion for Reconsideration and Motion to Dismiss, and Leave to File Response under Seal, filed April 23, 2021 (Dkt. 86); Defendant Burleson County's Reply to Plaintiff's Response to the Motion for Reconsideration and Motion to Dismiss, filed April 30, 2021 (Dkt. 91); Plaintiff's Opposed Supplement to Response to Motion to Reconsider Dismissal, filed May 3, 2021 (Dkt. 92); and Defendant Burleson County's Reply to Plaintiff's Opposed Supplement to Response to Motion to Reconsider, filed May 10, 2021 (Dkt. 93).

### I. Background

Plaintiff Jane Doe AW, a former criminal clerk in the Burleson County Attorney's Office, alleges that former Burleson County Judge Mike Sutherland used his power and authority as a judge to sexually assault her on multiple occasions. Plaintiff's Declaration, Dkt. 49-1. Doe contends that she did not report the assaults to the police or Burleson County officials because she was afraid that no action would be taken against Sutherland and she would lose her job. *Id.* at 3.

1

Doe alleges that she was terminated from her job soon after she complained to Sutherland about his abuse. *Id*. at 6. Subsequently, on June 16, 2019, Sutherland resigned from his position as County Judge. Dkt. 45 ¶ 56; Dkt. 86-2 (sealed).

In her First Amended Complaint, Doe alleged (1) claims under 42 U.S.C. § 1983 against Sutherland in his individual capacity and Burleson County; (2) sexual assault against Sutherland; (3) vicarious liability against Funky Junky, a restaurant owned by Sutherland; and (4) intentional infliction of emotional distress against Sutherland and Funky Junky. Dkt. 12. Defendants moved to dismiss. Dkts. 17, 19. The District Court denied the motions as to Defendants Sutherland and Burleson County, but dismissed with prejudice all of Doe's claims against Funky Junky for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 42.

On November 6, 2020, Defendant Burleson County moved for summary judgment on Doe's Section 1983 claim, asserting that she had no evidence of any policy or custom established by the County that violated her constitutional rights. Dkt. 47. After Burleson County filed its motion, on December 10, 2020, Doe entered into a confidential settlement agreement with Sutherland and Funky Junky (the "Settlement Agreement," Dkt. 85 (sealed)), and the District Court dismissed with prejudice the claims against Sutherland and Funky Junky. Dkt. 53. Doe and Sutherland did not provide a copy of the Settlement Agreement to Burleson County due to a confidentiality provision. Dkt. 83 ¶ 6.

On February 12, 2021, the Magistrate Court issued a Report and Recommendation to deny summary judgment, finding that there was a factual dispute as to whether Sutherland, as policymaker for Burleson County, created an official custom or policy sanctioned by the County by sexually harassing female employees. Dkt. 55. The District Court adopted the Report and Recommendation and denied summary judgment on March 3, 2021. Dkt. 57. On March 26, 2021,

the parties consented to trial before a United States Magistrate Judge. Dkt. 79. Accordingly, this case was reassigned to the undersigned for all proceedings. Dkt. 81.

Burleson County now moves for reconsideration of the Court's order denying summary judgment, arguing that the Settlement Agreement between Doe and Sutherland resolved Doe's remaining claim against Burleson County.

## II.  Legal Standards

### A.  Reconsideration

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration. *Cressionnie v. Hample*, 184 F. App'x 366, 369 (5th Cir. 2006). Rule 54(b), however, provides that an order adjudicating fewer than all claims among all parties "may be revised at any time" before entry of a final judgment. Under Rule 54, a district court has the inherent procedural power to reconsider and reverse its decision for any reason it deems sufficient. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018). An order denying summary judgment is interlocutory, so the trial court is free to reconsider its decision, even in the absence of new evidence or an intervening change in the law. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 506 (5th Cir. 2012).

### B.  Summary Judgment

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). Once the moving party has met its initial burden to demonstrate the absence of a genuine issue of material fact, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III.  Analysis

In its motion for summary judgment, Burleson County argued that it was entitled to summary

judgment on Doe's Section 1983 claim because Sutherland was not a policymaker for the County

and there was no evidence of a nexus between any county policy or practice and the violation of

Doe's constitutional rights. The Court found that Sutherland was a policymaker for Burleson

County and that there was a factual dispute as to whether his actions created an official custom or

policy sanctioned by the County, which precluded a grant of summary judgment. Dkt. 55 at 7-8;

Dkt. 57.

Burleson County now asserts that the Court should grant summary judgment because Doe

released her only claim against the County when she settled her official capacity claim against

Sutherland, and thus, no claim against the County remains for trial. Dkt. 91 at 4. Doe responds that

her claim against Burleson County has not been released because (1) Burleson County was not a

party to the Settlement Agreement, and at the time he settled with Doe, Sutherland had no authority

to enter into any agreements on behalf of the County; and (2) Doe sued Sutherland in his individual

capacity only. Dkt. 86 (sealed) at 2-4.

Official capacity suits are a way to plead an action against an entity of which an officer is an

agent. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). It is well-established that

courts may dismiss claims against individuals in their official capacity, in favor of claims against

their employing entity, where the official-capacity claims "duplicate claims against the respective

governmental entities themselves." *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001);

*Zavala v. City of Baton Rouge/Par. of E. Baton Rouge*, No. 17-656-JWD-EWD, 2018

WL 4517461, at *14 (M.D. La. Sept. 20, 2018); *Broussard v. Lafayette City-Par. Consol. Gov't*,

45 F. Supp. 3d 553, 571 (W.D. La. 2014) ("When, as in this case, the government entity itself is a

defendant in the litigation, claims against specific individuals in their official capacities are redundant, and for that reason, courts in this circuit have found it is appropriate to dismiss them.").

But Burleson County cites no authority supporting the converse proposition: that a *Monell* claim against an entity is extinguished when a plaintiff settles with an individual defendant sued in his official capacity. There is persuasive case law to the contrary. *See Nichols v. Knox Cnty., Tenn.*, 718 F. App'x 338, 341 (6th Cir. 2017) ("[T]he release of an official-capacity claim against an individual does not extinguish separate claims for liability against a municipality."); *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (rejecting argument that agreement with former sheriff settled official-capacity claim against current sheriff); *Spainhoward v. White Cnty., Tenn.*, 421 F. Supp. 3d 524, 546 (M.D. Tenn. 2019) ("As a threshold matter, the termination of claims against individuals who allegedly perpetuate harms does not necessarily extinguish separate Section 1983 municipal liability claims.").

Nor would logic dictate such a result here. Sutherland resigned from his county position some six months before he entered into the Settlement Agreement with Doe and had no authority to bind the County, which is not a party to the Settlement Agreement.

The County contends that summary judgment must be granted because "[t]here are no separate and/or independent claims asserted against Burleson County." Dkt. 91 at 1-2. The Court disagrees. Doe's Section 1983 claim first asserts claims against Sutherland in his individual capacity, then states as follows:

> B. <u>42 U.S.C. § 1983 Monell Claims against Burleson County</u>
>
> 101. **Burleson County is jointly and severally liable to Doe AW due to the actions of the county policymaker, Sutherland.** Sutherland was the county judge for Burleson County and acted under the color of law when he sexually assaulted Doe in November 2017, December 2017, and January 2018.
>
> **102. Sutherland is the policymaker for the county**.

103. He had a practice of sexual misconduct, harassment, and assault.

104. **As policymaker, his practice of assaulting, harassing, and intimidating individuals was the moving force behind the constitutional violation resulting in Jane Doe AW's harm.**

105. Sutherland had a history of intimidation, and harassment, as documented in public complaints.

Amended Complaint, Dkt. 12 (emphasis added). Doe thus pled a separate claim against Burleson County based on Sutherland's actions as policymaker. Even assuming without deciding that Doe sued Sutherland in his official capacity, the Settlement Agreement between Doe and Sutherland did not release her claim against the County. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (stating that an official-capacity suit "is *not* a suit against the official personally, for the real party in interest is the entity").

In essence, Burleson County now asks the Court to reverse its rulings at both the motion to dismiss and summary judgment stages. Burleson County moved to dismiss Doe's claims against the County for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 17. The District Court adopted the Magistrate Court's recommendation to deny the motion. Dkt. 41; Dkt. 42. The Report and Recommendation stated that: "The facts alleged in Plaintiff's complaint, if true, plausibly state a cause of action against the County under § 1983 based on an individual county policymaker's actions." Dkt. 41 at 8. At the summary judgment stage, the Magistrate Court found "a factual dispute as to whether Sutherland, as policymaker for Burleson County, created an official custom or policy sanctioned by the county by sexually harassing female employees." Dkt. 55 at 7-8, *R. & R. adopted*, Dkt. 57.

In sum, Doe has stated a claim against Burleson County and demonstrated a genuine issue of material fact as to that claim. Burleson County has not established that the claim was released by Doe's settlement with Sutherland. For these reasons, the Court denies Burleson County's motion for reconsideration.

**IV.  Order**

Defendant's Motion for Reconsideration of Court's Order Denying Burleson County's Motion

for Summary Judgment and Motion to Dismiss Burleson County Pursuant to the Dismissal of

Sutherland, in His Official Capacity (Dkt. 83) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties, or counsel acting on their behalf, shall appear

before the Court **by telephone at 11 a.m. on Thursday, September 2, 2021**. The parties should

be prepared to discuss potential trial settings, as the Court intends to set a trial date at the

conference. The parties will receive instructions for the call from courtroom deputy James Ferrell,

James_Ferrell@txwd.uscourts.gov.

**SIGNED** on August 27, 2021.


_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE