# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JANE DOE AW,**<br>*Plaintiff*<br><br>v.<br><br>**BURLESON COUNTY,**<br>*Defendant* | § § § § § § § §    Case No. 1:20-CV-00126-SH |

## FINAL PRETRIAL ORDER

The Court held a final pretrial conference on February 7, 2022 and, on February 8, 2022, issued an Order addressing the parties' motions in limine and most of their trial exhibits and witnesses. Dkt. 114. The Court also ordered the parties to submit additional briefing on Defendant's objections to one of Plaintiff's proposed witnesses and four of her proffered exhibits. *Id.* at 2-3.

In addition to the outstanding objections to Plaintiff's trial evidence, now before the Court is Defendant's Motion to Strike/Quash Subpoenas and Objections to Additional Witnesses and Exhibits (Dkt. 116), filed February 10, 2022. The Court held a hearing on Defendant's Motion to Quash on February 11, 2022.

After considering the parties' trial briefs (Dkts. 117, 119, 121), their arguments at the hearings, and the applicable case law, the Court enters this Order.

### I. Elements of Plaintiff's Claim

The Court begins by stating the elements of Plaintiff's sole claim remaining for trial:

<u>42 U.S.C. § 1983 Monell Claims against Burleson County</u>

101. Burleson County is jointly and severally liable to [Jane] Doe AW due to the actions of the county policymaker, [Mike] Sutherland. Sutherland was the county judge for Burleson County and acted under the color of law when he sexually assaulted Doe in November 2017, December 2017, and January 2018.

102. Sutherland is the policymaker for the county.

103. He had a practice of sexual misconduct, harassment, and assault.

104. As policymaker, his practice of assaulting, harassing, and intimidating individuals was the moving force behind the constitutional violation resulting in Jane Doe AW's harm.

105. Sutherland had a history of intimidation, and harassment, as documented in public complaints.

First Amended Complaint, Dkt. 12.

Pursuant to Fifth Circuit Pattern Jury Instruction (Civil) §10.5 Municipal Liability (2020):

A county is not liable for the actions of employees unless the constitutional violation was caused by a county policy or custom. To prevail on her claim against the county, Plaintiff must prove by a preponderance of the evidence that:

1. an official policy or custom existed;
2. a policymaker for the county knew or should have known about the policy or custom;
3. the policymaker was deliberately indifferent; and
4. the policy or custom was the moving force leading to the constitutional violation.

A "policy" can be a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the county's officers. A "custom" is a persistent, widespread practice of county officials or employees that, although not formally adopted, is so common and well-settled that it fairly represents county policy. But to show a custom, Plaintiff must prove that either the county's governing body or some official with policymaking authority knew or should have known about the custom. For an official to act with deliberate indifference, the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists or a violation of constitutional rights exists, and he must also draw the inference.

*Id.*

In rare circumstances, a single unconstitutional action may be sufficient to impose municipal liability if undertaken by the municipal official or entity possessing final policymaking authority for the action in question. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384, 395 (5th Cir. 2017). An unconstitutional policy may be found when a policymaker performs the specific act that forms the basis of the Section 1983 claim. *Id.*; *see also Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81, 484-85 (1986); *Webb v. Town of Saint Joseph*, 925 F.3d 209, 215 (5th Cir. 2019); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010); *Milam v. City of San Antonio*, 113 F. App'x 622, 626 (5th Cir. 2004).

To show that the policy or custom was a "moving force" behind her constitutional violation, Plaintiff must show direct causation, which means a direct causal link between the policy and the violation. *Alvarez v. City of Brownsville*, 904 F.3d 382, 390 (5th Cir. 2018).

## II. Defendant's Objection for Failure to Make Initial Disclosures

Defendant objects to all of Plaintiff's trial exhibits on the basis that Plaintiff failed to identify them in her initial disclosures, as required by Fed. R. Civ. P. 26(a) and (e). Rule 37(c) provides that, if a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence at trial, unless the failure was substantially justified or is harmless.

Pursuant to the Court's Orders, Plaintiff's two remaining exhibits that are or may be admitted into evidence are the Burleson County Policy Manual and the State Judicial Conduct Commission Order concerning Mike Sutherland. Both of these exhibits were listed on Plaintiff's exhibit list filed March 23, 2021, in advance of a previous trial setting before the District Court. Dkt. 66. Accordingly, Defendant received notice that Plaintiff intended to rely on these exhibits nearly a year before trial. The Court finds that Plaintiff's failure to make the required disclosures is harmless pursuant to Rule 37(c) and **OVERRULES** Defendant's objection on that basis.

### III. Defendant's Objection to Plaintiff's Witness Carroll Scogin-Brincefield

The Court **SUSTAINS** Defendant's objection to testimony from Plaintiff's witness Carroll Scogin-Brincefield. The parties do not dispute that this proffered witness never was an employee of Burleson County and has no knowledge concerning the alleged facts of Plaintiff's case. Defendant's objection that testimony from this witness is irrelevant and inadmissible under Federal Rules of Evidence 401 and 402 is sustained.

### IV. Defendant's Objections to Plaintiff's Exhibits

#### A. Exhibit P-1, State Judicial Conduct Commission Order

Defendant's objections to Plaintiff's Exhibit P-1 (State Judicial Conduct Commission Order) is **PROVISIONALLY OVERRULED** pending responsive briefing from Defendant, as previously ordered. Dkt. 114. This document appears to be relevant to Sutherland's actions and also to satisfy the requirements of a public record and therefore is not excluded by the rule against hearsay under Federal Rule of Evidence 803(8).

#### B. Exhibits P-4, P-5, and P-6

The Court **SUSTAINS** Defendant's objection to admission in Plaintiff's case in chief of Exhibits P-4 (Deski Termination Letter to Jane Doe AW), P-5 (Messages between Corbett and Jane Doe AW), and P-6 (Messages from Deski) as irrelevant and inadmissible under Federal Rules of Evidence 401 and 402.

### V. Defendant's Motion to Quash

Plaintiff issued eight trial subpoenas on February 8, 2022. Defendant's Motion to Strike/Quash Subpoenas and Objections to Additional Witnesses and Exhibits (Dkt. 116) is **GRANTED IN PART and DENIED IN PART**.

First, Defendant moves to strike or quash subpoenas for the testimony of two witnesses, former Burleson County officials Joe Baldwin and Cheryl Story Castaneda, who have never been

4

disclosed by Plaintiff. At the hearing, Plaintiff represented to the Court that these two witnesses will be used solely for impeachment; thus, their disclosure is not required pursuant to Fed. R. Civ. P. 26(a)(3)(A). Accordingly, Defendant's Motion to Quash is **DENIED** as to the subpoenas to Joe Baldwin and Cheryl Castaneda for impeachment testimony otherwise admissible under the Federal Rules of Evidence and Federal Rules of Civil Procedure.

The Court **GRANTS** Defendant's Motion to Quash Plaintiff's subpoena for the testimony of Carroll Scogin-Brincefield, whose testimony has been excluded by this Order.

Defendant also objects to the extent that Plaintiff's subpoenas to current and former Burleson County officials command them to bring documents on the basis that Plaintiff failed to abide by Fed. R. Civ. P. 45(a)(4), which requires that "before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Dkt. 116 at 3. Defendant further contends that the subpoenas are untimely motions at trial for more discovery (citing *IQ Prod. Co. v. Onyx Corp.*, 48 F. App'x 107, at *4 (5th Cir. 2002) ("[T]rial subpoenas are not intended as a backdoor for discovery that could have been obtained before trial.")), and objects to the identified documents on the grounds of relevance, prejudice, and hearsay, pursuant to Fed. R. Evid. 401, 402, 403, and 802.

At the hearing, Plaintiff withdrew the portion of the subpoenas commanding witnesses Baldwin and Castaneda to bring documents. Accordingly, the subpoenas to **JOE BALDWIN** and **CHERYL STORY CASTANEDA** are **HEREBY AMENDED** to **STRIKE** the commandment that the witnesses bring with them: "Any statement in your possession you made related to this case including any audio or video recordings."

The two subpoenas to Burleson County Judge Keith Schroeder command him to bring any statements he has made related to this case. Counsel for Defendant represented at the hearing that

5

Schroeder has no such statements beyond the affidavit Defendant submitted at summary judgment. By agreement of the parties, the subpoenas to **KEITH SCHROEDER** and **BURLESON COUNTY c/o BURLESON COUNTY JUDGE KEITH SCHROEDER** are **HEREBY AMENDED** to **STRIKE** the commandment that the witness bring with him: "Any statement in your possession you made related to this case including any audio or video recordings."

Finally, the testimony subpoena to Susan Deski commands her to bring: "All employee handbooks from 2014-2019, including but not limited to the employee handbook in place when Jane Doe AW worked for your office. With any signature acknowledgements." Similarly, the subpoena to Stephanie Smith commands her to bring: "All Burleson County employee handbooks from 2014-2019." Plaintiff Jane Doe AW began working at Burleson County in 2014, and her employment was terminated in or about January 2018. By agreement of the parties at the hearing, the subpoena to **SUSAN DESKI** is **HEREBY AMENDED** to **STRIKE** the commandment that the witness bring any documents with her, and the subpoena to **STEPHANIE SMITH** is **HEREBY AMENDED** such that she is commanded to bring with her **ONLY** the Burleson County Policy Manual in effect on the date Plaintiff Jane Doe AW was hired, and, to the extent that they are in Smith's possession, custody, or control, the Burleson County Policy Manuals in effect on December 31, 2015; December 31, 2016; and December 31, 2017.

All subpoenas are further **AMENDED** to require the witnesses to appear no earlier than **NOON** on Monday, February 14, 2022, subject to further scheduling agreements by the parties.

**IT IS SO ORDERED.**

**SIGNED** on February 11, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE