# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **JANE DOE AW,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:20-CV-00126-SH |
| **BURLESON COUNTY,** *Defendant* | § § § | |

## O R D E R

Now before the Court Defendant Burleson County's Motion to Supplement and/or Amend Answer, filed March 14, 2022 (Dkt. 141), and Defendant's Opposed Motion for Leave to File Second Motion to Dismiss, filed April 1, 2022 (Dkt. 151).

### I. Background

Plaintiff Jane Doe AW alleges that former Burleson County Judge Mike Sutherland used his power and authority as a judge to sexually assault her on multiple occasions when she worked as a criminal clerk in the Burleson County Attorney's Office. First Amended Complaint, Dkt. 12 ¶¶ 7, 58. Doe alleges that she was terminated from her job soon after she complained to Sutherland about his abuse. *Id.* ¶ 60. Sutherland later resigned as county judge in lieu of disciplinary action pursuant to a voluntary agreement before the State Commission on Judicial Conduct. Dkt. 45 ¶ 56; Dkt. 86-2.

In her First Amended Complaint, Doe alleged (1) claims under 42 U.S.C. § 1983 against Burleson County and Sutherland in his individual capacity; (2) sexual assault against Sutherland; (3) vicarious liability against Funky Junky, a restaurant owned by Sutherland; and (4) intentional infliction of emotional distress against Sutherland and Funky Junky. Dkt. 12. Defendants moved to dismiss. Dkts. 17, 19. The District Court denied the motions as to Defendants Sutherland and

Burleson County, but dismissed with prejudice all of Doe's claims against Funky Junky, LLC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 42.

On November 6, 2020, Defendant Burleson County moved for summary judgment on Doe's Section 1983 claim, asserting that she had no evidence of any policy or custom established by the County that violated her constitutional rights. Dkt. 47. After Burleson County filed its motion, on December 10, 2020, Doe entered into a confidential settlement agreement with Sutherland and Funky Junky, Dkt. 85 (sealed), and the District Court granted Doe, Sutherland, and Funky Junky's joint motion to dismiss with prejudice the claims against Sutherland and Funky Junky. Dkt. 53.

On February 12, 2021, the undersigned issued a Report and Recommendation to deny summary judgment as to Doe's surviving claim against Burleson County. Dkt. 55. The Court found that Sutherland was a policymaker for Burleson County, satisfying the first element for municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and that there was a factual dispute as to whether his actions created an official custom or policy sanctioned by the County by sexually harassing female employees, which precluded a grant of summary judgment. *Id.* at 7-8; *see also* Dkt. 97 at 4. The District Court adopted the Report and Recommendation and denied summary judgment on March 3, 2021. Dkt. 57. On March 26, 2021, the parties consented to trial before a United States Magistrate Judge. Dkt. 79. This case then was reassigned to the undersigned for all proceedings. Dkt. 81. Defendant moved for reconsideration as to summary judgment, which the Court denied, determining that genuine issues of material fact as to the *Monell* policy and causation elements remained for trial. Dkt. 97.

A jury was selected on February 14, 2022, but the Court declared a mistrial because – after her counsel represented that Doe was not present in the courthouse – Doe engaged in an "in-depth"

conversation with a juror outside the courtroom, and the entire jury became aware of the improper contact. Dkt. 135 at 2. Trial was reset for March 28, 2022. Dkt. 134.

On March 22, 2022, the parties jointly moved the Court to decide as a matter of law whether Sutherland, as Burleson County Judge, possessed final policymaking authority for the acts in question. Dkt. 148 (corrected). The Court heard arguments on the joint motion on March 23, 2022, during the Final Pretrial Conference. Based on the evidence and arguments, the Court found as a matter of law that Sutherland, as Burleson County Judge, did not have final policymaking authority for any area relevant to Doe's claim against Burleson County.[1] Dkt. 150. In light of this finding, the Court vacated the trial setting pending further briefing from the parties. *Id.* at 9.

Defendant now moves for leave to file its Second Motion to Dismiss Plaintiff's First Amended Complaint. Based on the proceedings detailed above, Defendant has shown good cause to file the Motion. The Court hereby **GRANTS** Defendant's Opposed Motion for Leave to File Second Motion to Dismiss (Dkt. 151) and proceeds to consider the merits of Defendant's Second Motion to Dismiss Plaintiff's First Amended Complaint and for Entry of Judgment (Dkt. 151-2).

## II. Legal Standards

Defendant moves to dismiss Doe's remaining *Monell* claim pursuant to Rule 12(c).

### A. Rule 12(c)

Rule 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A motion brought under Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Garza v.*

---

[1] The summary judgment record included evidence from current Burleson County Judge Keith Schroeder that the county judge has final policymaking authority over his own office, which consists of himself and one employee. Doe worked not for Sutherland's office but for the County Attorney. Dkt. 150 at 9. Doe did not establish that Sutherland possessed any other final policymaking authority for Burleson County.

3

*Escobar*, 972 F.3d 721, 727 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). "The motion for a judgment on the pleadings only has utility when all material allegations of fact are admitted or not controverted in the pleadings and only questions of law remain to be decided by the district court." 5C ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE (WRIGHT & MILLER) § 1367 (3d ed. April 2022 Update). A movant must clearly establish "that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* § 1368.

The standard for dismissal under Rule 12(c) is the same as for dismissal for failure to state a claim under Rule 12(b)(6). *See Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 454 (5th Cir. 2022). "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). In considering a motion for judgment on the pleadings under Rule 12(c), the court generally is limited to the contents of the pleadings, including attachments thereto. *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015).

### B.  Section 1983

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Local governing bodies, including municipalities, qualify as "persons" under § 1983. *Monell*, 436 U.S. at 690.

While municipalities can be sued directly under § 1983, *Monell* establishes that they cannot be found liable on a theory of vicarious liability or *respondeat superior*. *Webb v. Town of Saint Joseph*, 925 F.3d 209, 214 (5th Cir. 2019). "In other words, 'the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability.'" *Id.* (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)).

Municipal liability under § 1983 requires proof of three elements: (1) a policymaker; (2) an official policy or custom; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. *Villarreal v. City of Laredo, Tex.*, 44 F.4th 363, 377 (5th Cir. 2022). Generally, there are three ways to establish the second element – a municipal policy – for the purposes of *Monell* liability. *Webb*, 925 F.3d at 214. First, a plaintiff can show "written policy statements, ordinances, or regulations." *Alvarez v. City of Brownsville*, 904 F.3d 382, 389-90 (5th Cir. 2018) (en banc).

Second, a plaintiff can show "a widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy." *Id.* (citation omitted). A policy or custom is official when it results from the decision or acquiescence of the municipal officer or body with final policymaking authority over the subject matter of the offending policy. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989); *see also Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 413 (5th Cir. 2015) ("Regardless of its form, the policymaker must have actual or constructive knowledge of the official policy or custom. Importantly, the policymaker must have final policymaking authority.") (cleaned up).

Third, an unconstitutional policy may be found when a policymaker performs the specific act that forms the basis of the Section 1983 claim. *Davidson v. City of Stafford, Tex.*, 848 F.3d 384,

395 (5th Cir. 2017); *see also, e.g.*, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-85 (1986); *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 169 (5th Cir. 2010). In rare circumstances, even a single unconstitutional action may be sufficient to impose municipal liability if undertaken by the municipal official or entity possessing final policymaking authority for the action in question. *Webb*, 925 F.3d at 215; *Davidson*, 848 F.3d at 395; *Bennett v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). The single-incident exception is "extremely narrow and gives rise to municipal liability only if the municipal actor is a final policymaker." *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). "When a final policy maker makes the relevant decision, and when that decision is within the sphere of the policy maker's final authority, the existence of a well-established, officially-adopted policy will not insulate the municipality from liability." *Bennett*, 74 F.3d at 586 (internal quotation marks omitted). Whether a particular official has final policymaking authority is a question of state law. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123-24 (1986).

### III. Plaintiff's Claim

Doe's sole remaining claim is stated in her operative pleading as follows:

<u>42 U.S.C. § 1983 Monell Claims against Burleson County</u>

101. Burleson County is jointly and severally liable to Doe AW due to the actions of the county policymaker, Sutherland. Sutherland was the county judge for Burleson County and acted under the color of law when he sexually assaulted Doe in November 2017, December 2017, and January 2018.

102. Sutherland is the policymaker for the county.

103. He had a practice of sexual misconduct, harassment, and assault.

104. As policymaker, his practice of assaulting, harassing, and intimidating individuals was the moving force behind the constitutional violation resulting in Jane Doe AW's harm.

105. Sutherland had a history of intimidation, and harassment, as documented in public complaints.

First Amended Complaint, Dkt. 12.

### IV. Analysis

As stated above, as county judge, Sutherland was a policymaker for Burleson County as a matter of law, satisfying the first requirement for *Monell* liability. Disposition of Defendant's Rule 12(c) motion turns on the second element: whether Doe has sufficiently pled the existence of an official policy that was the "moving force" behind a violation of her constitutional rights.

Doe does not allege that a written policy caused her injury, but that Sutherland "had a practice of sexual misconduct, harassment, and assault," *id.* ¶ 103; a "practice of assaulting, harassing, and intimidating individuals," ¶ 104; and "a history of intimidation, and harassment," *id.* ¶ 105. Doe alleges that Sutherland was "the county policymaker," *id.* ¶ 101, and "the policymaker for the county," *id.* ¶ 102. But to satisfy the second *Monell* element and impose liability on Burleson County for Sutherland's actions, she must establish not just that he was a policymaker, but that he had final policymaking authority over the actions in question. *Jett*, 491 U.S. at 737; *Praprotnik*, 485 U.S. at 123; *Webb*, 925 F.3d at 215; *Davidson*, 848 F.3d at 395. "[C]ourts must 'ask whether governmental officials are final policymakers for the local government in a particular area, or on a particular issue.' That inquiry turns on the official's 'actual function' under 'relevant *state* law.'" *Arnone v. Cnty. of Dallas Cnty., Tex.*, 29 F.4th 262, 266 (5th Cir. 2022) (quoting *McMillian v. Monroe Cnty.*, 520 U.S. 781, 785, 786 (1997)).

Doe's pleading identifies no provision of Texas law delegating any final policymaking authority to Sutherland as Burleson County judge. The Court, moreover, has found as a matter of law that Sutherland did not have final policymaking authority in any sphere relevant to Doe's claim against the county. Therefore, Doe has insufficiently pled the second element for municipal liability under § 1983: an official Burleson County policy.

In her response in opposition to Defendant's Motion, Doe argues that: "A magistrate judge does not have authority to usurp and overrule an Article III District Court Judge's ruling after

7

referral." Dkt. 152 at 10. Doe contends that the District Court previously ruled that Sutherland was a final policymaker for Burleson County, stating: "The latest ruling is contrary to prior rulings the court has now determined that Mike Sutherland is not a final policymaker for Burleson County [sic]." *Id.* This argument is incorrect because neither the District Court nor the undersigned Magistrate Judge ever found that Sutherland was a final policymaker as a matter of law.

In her claim, Doe seeks to hold Burleson County liable for Sutherland's sexual assaults because he was the county judge, without establishing an official policy that was the "moving force" behind a violation of her constitutional rights. This is impermissible under *Monell*. Unless she alleges that Sutherland's unconstitutional conduct is directly attributable to the county through some sort of official action or imprimatur, she asserts county liability on an impermissible theory of *respondeat superior*. *See, e.g., Sweetin v. City of Texas City, Tex.*, --- F.4th ----, 2022 WL 4008105, at *3 (5th Cir. Sept. 2, 2022) ("But a city cannot be held liable under § 1983 on a *respondeat superior* theory of liability. Rather, a city can be liable only if one of its policies or customs caused the injury.") (citations omitted); *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 366, 369 (5th Cir. 2020) (affirming district court's holding that school district could not be held liable under § 1983 "for its employees' reprehensible acts" of sexual abuse, and stating: "By limiting the single decisions that trigger municipal liability to those made by final policymakers, we avoid imposing *respondeat superior* liability, which the Supreme Court has rejected in the § 1983 context."); *Webb*, 925 F.3d at 220 ("A common thread running throughout the Supreme Court's and our own caselaw on municipal liability is that such liability is limited to action for which the municipality is actually responsible.") (citation omitted).

Doe concedes that, if Sutherland "in fact is not viewed as a final policymaker for the county, there are no remaining claims." Dkt. 152 at 8. Accordingly, her claim is legally insufficient, and Burleson County is entitled to judgment on the pleadings pursuant to Rule 12(c).

## V.  Conclusion

The Court hereby **GRANTS** Defendant Burleson County's Second Motion to Dismiss Plaintiff's First Amended Complaint and for Entry of Judgment (Dkt. 151-2) and **DISMISSES** Doe's remaining claim **WITH PREJUDICE**.  Final judgment will be entered in a separate order.

Defendant Burleson County's Motion to Supplement and/or Amend Answer, filed March 14, 2022 (Dkt. 141), is **DISMISSED AS MOOT**.

**SIGNED** on September 14, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE